Everett R. DOWNING, Appellant,

v.

The NEW MEXICO STATE SUPREME COURT, the First Judicial District Court, Santa Fe, New Mexico, and Warden Harold A. Cox, Penitentiary of New Mexico, Appellees.

No. 7841.

United States Court of Appeals
Tenth Circuit.

Dec. 16, 1964.

John L. Belt, Oklahoma City, Okl., for appellant.

L. D. Harris, Sp. Asst. Atty. Gen. (Earl E. Hartley, Atty. Gen., State of New Mexico, on the brief), for appellees.

Before LEWIS, BREITENSTEIN and HILL, Circuit Judges.

PER CURIAM.

Appellant is a prisoner in the New Mexico State Penitentiary under a state sentence imposed after his plea of guilty to a felony charge. The trial court dismissed his self-prepared petition without a hearing. In this court he is represented by appointed counsel.

■■ The record shows that appellant sought habeas corpus relief in state court and this was denied after a hearing at which appellant was present and represented by counsel. He sought a review of such action by the New Mexico State Supreme Court and this was denied because of his failure to follow established procedure. Appellant then brought this action in federal court. We are unable to classify this action. If the proceeding is an appeal from the action of the New Mexico Supreme Court, it fails because no appeal lies from a state supreme court to a federal district court. If it seeks to enjoin the individuals composing the named New Mexico courts and the warden, the allegations are insufficient to entitle appellant to any relief.

■ With recognition of the liberality that should be employed in the consideration of pleadings prepared by a layman, we have examined the papers to determine whether they state any ground for habeas corpus relief. The basic complaint of appellant appears to be that after his arrest he was not afforded the right of a preliminary hearing before a justice of the peace with representation by counsel. Whatever this situation may have been, the papers fail to establish any prejudice resulting from anything which happened at the preliminary hearing. Upon his arraignment before the state district court, counsel was appointed for him and he pleaded guilty. No question is raised as to the voluntary nature of that plea or as to the competence of counsel. In the circumstances nothing which occurred at the preliminary hearing is any ground for collateral attack.[1] From whatever standpoint we view these proceedings, we conclude that the trial court acted properly in dismissing them without any hearing.

Affirmed.

---

1. See Clay v. United States, 10 Cir., 326 F.2d 196, 198, certiorari denied 377 U.S. 1000, 84 S.Ct. 1930, 12 L.Ed.2d 1050; Blood v. Hunter, 10 Cir., 150 F.2d 640, 641; Willis v. United States, 8 Cir., 289 F.2d 581, 584, certiorari denied 368 U.S. 856, 82 S.Ct. 93, 7 L.Ed.2d 53.