**Michael S. COSEY, Petitioner,**

v.

**The DEPARTMENT OF THE NAVY of the United States of America, Respondent.**

**Merit Systems Protection Board, Intervenor.**

**No. 81–2078.**

United States Court of Appeals, Fourth Circuit.

Argued May 6, 1982.

Decided June 8, 1982.

Andrew M. Sacks, Norfolk, Va. (Sacks, Sacks & Larkin, Norfolk, Va., on brief), for petitioner.

Larry W. Shelton, Asst. U. S. Atty., Norfolk, Va., Mary Jennings, Washington, D. C. (Elsie L. Munsell, U. S. Atty., on brief) and (Evangeline W. Swift, Mitchell Albert, Merit Systems Protection Bd., Alex H. Adkins, Dept. of the Navy, Washington, D. C., on brief), for respondent.

Before RUSSELL, WIDENER and MUR-NAGHAN, Circuit Judges.

DONALD RUSSELL, Circuit Judge:

This is an appeal from a decision of the Merit Systems Protection Board affirming the termination of the petitioner's employment as an electroplater helper at the Naval Air Rework Facility at the Naval Base in Norfolk, Virginia. The basis for the petitioner's termination was his alleged possession and attempted sale of marijuana to military personnel at a transient barracks at the Naval Station.[1] The Board found that the petitioner had both possessed and attempted to sell a controlled substance to enlisted personnel on the Norfolk Naval Base on August 24, 1980 and that such conduct was of such a character as to authorize a presumption of nexus with the efficiency of the Service. Moreover, the Board expressly found that the egregious nature of the petitioner's offense fully warranted the penalty imposed.[2] It accordingly sustained the petitioner's discharge.

The decision of the Board was not arbitrary or unreasonable and was based upon proper grounds.

---

1. The Board set forth as an additional ground for petitioner's discharge an alleged unauthorized absence from work. Since we sustain the discharge on another ground, we have no occasion to consider this second ground.

2. The Presiding Official reached the following conclusion about the penalty imposed in the petitioner's case:

I do not see any mitigating circumstances in this case, nor any potential for rehabilitation. This is not a case wherein an employee admits to having a drug problem and seeks counselling from the agency; here appellant makes no mention of any drug or any other emotional or physical problem. Nor is this a case of a long term employee with an unblemished prior record who commits a first offense; here in less than three years appellant has already received a letter of reprimand and is rated a "satisfactory" employee at best. Nor can I overlook the manner in which appellant was attempting to sell marijuana to members of the Armed Forces in a restricted area on a Naval Base; he was blatantly soliciting total strangers to participate in an illegal transaction with possible criminal consequences for all concerned. For all these reasons, I find that appellant's removal does indeed promote the efficiency

Accordingly, the decision of the Board is hereby sustained.

AFFIRMED.

of the service. Accordingly, I sustain the agency's action.