**UNITED STATES of America**

v.

**Jerrold E. STEVENS, Movant.**

**Crim. No. 77-20025-04.**
**Civ. No. 82-3123.**

United States District Court,
D. Kansas.

Feb. 7, 1983.

On Motion to Dismiss March 16, 1983.

**1010**

Jim J. Marquez, U.S. Atty., Kurt J. Sher-nuk, Asst. U.S. Atty., Topeka, Kan., for United States.

Jerrold E. Stevens, pro se.

## MEMORANDUM AND ORDER

O'CONNOR, Chief Judge.

This matter comes before the court on the motion of Jerrold E. Stevens, *pro se,* to vacate, set aside, or correct his conviction and sentence pursuant to 28 U.S.C. § 2255. On August 24, 1977, Stevens was convicted by a jury on charges of conspiracy to distribute heroin, a controlled substance, and interstate travel to promote a conspiracy to distribute heroin in violation of 21 U.S.C. § 841(a)(1), § 846, and 18 U.S.C. § 1952. The government's theory of the case was that Stevens, who had run a fencing operation, entered into a partnership with a heroin dealer for the purpose of selling heroin. On October 11, 1977, this court sentenced Stevens to be imprisoned for concurrent terms of ten and five years, with eligibility for parole at such time as the U.S. Parole Commission might determine pursuant to 18 U.S.C. § 4205(b)(2). The judgment was affirmed by the Tenth Circuit Court of Appeals, *United States v. Stevens,* 612 F.2d

1226 (10th Cir.1979). A petition for writ of certiorari was denied by the United States Supreme Court on June 16, 1980.

Stevens' present motion focuses on the accuracy of his presentence investigation report. The presentence report plays an important role in the federal system of justice. [For an excellent discussion of the functions and nature of the report *see generally, Rosati v. Haran,* 459 F.Supp. 1148 (E.D.N.Y.1977).] Rule 32 of the Federal Rules of Criminal Procedure makes the compilation of such a report mandatory. Fed.R.Crim.P. 32(c)(1). The report is used in the first instance by the court in sentencing. The report assembles a wide variety of information relevant to the sentencing determination. Once the defendant is sentenced, the presentence report is "forwarded to both the Bureau of Prisons and the institution of confinement, and becomes part of the defendant's correctional file." *Rosati v. Haran, supra,* at 1152. The report is used by the Bureau of Prisons in preparing a classification study which determines the defendant's custody status and treatment program. *Id.* The report is also used by the United States Parole Commission. In fact, the parole commission is required by statute and regulation to consider the presentence report in making parole determinations. 18 U.S.C. § 4207; 28 C.F.R. § 2.19(a)(3) (1982). Among the most important of these determinations is the assessment of the inmate's "offense severity rating" and "salient factor score," which are used to determine the applicable paroling policy guidelines prescribing the length of time an inmate must serve before he becomes eligible for parole. *See* 28 C.F.R. § 2.20 (1982). Thus, the presentence report plays a significant role with regard to the determination and the execution of an inmate's sentence.

■ Because of the far-reaching impact that the presentence report has upon a criminal defendant, it is important that the information contained in the report be accurate. In an attempt to insure the accuracy of the report, Rule 32(c)(3) was amended in 1974 to require disclosure of the report to

the defense prior to the imposition of sentence. Fed.R.Crim.P. 32(c)(3)(A).

The advisory committee is of the view that accuracy of sentencing information is important not only to the defendant but also to effective correctional treatment of a convicted offender. The best way of insuring accuracy is disclosure with an opportunity for the defendant and counsel to point out to the court information thought by the defense to be inaccurate, incomplete, or otherwise misleading.

Notes of Advisory Committee on Rules, 1974 Amendment, Fed.R.Crim.P. 32(c)(3)(A). *See also* H.R.Rep. No. 94–247, 94th Cong., 1st Sess. 18, Reprinted in 1975 U.S.Code Cong. & Ad.News 674, 690.

It is in light of the importance of the presentence report and the need for accuracy in the report that we consider Stevens' motion.

■ Stevens now attempts to attack his conviction by means of a § 2255 proceeding on the ground that his presentence report contained erroneous information. The allegedly erroneous passage, which appears on page 10 of the report, reads as follows:

It was estimated that during its brief life, the partnership generated criminal activity in the community, amounting to more than $100,000 each week.

Specifically, Stevens contends that the dollar amount was grossly exaggerated. Because Stevens is proceeding *pro se,* we must interpret his pleadings as liberally as possible. *Downing v. New Mexico State Supreme Court,* 339 F.2d 435 (10th Cir.1964); *Cook v. Whiteside,* 505 F.2d 32 (5th Cir. 1974); *Freeman v. Lockhart,* 503 F.2d 1016 (8th Cir.1974). When read liberally, Stevens' § 2255 motion and the supplement thereto state three major arguments. First, Stevens maintains that he was sentenced on the basis of erroneous information contained in the presentence report, and that his sentence would have been less severe had the erroneous information not been included. Second, in the supplement to his motion Stevens alleges that he was denied effective assistance of counsel at the

sentencing stage because his attorney failed to advise him of the contents of the presentence report or of its significance for purposes of sentencing and parole considerations. Third, Stevens asserts that he has been denied parole because the parole commission classified his offense as "Greatest I severity" on the basis of the erroneous information contained in the presentence report. We move now to address each of Stevens' major contentions in turn.

*I. Stevens' argument that in imposing sentence, the court relied upon erroneous information contained in the presentence report.*

In support of his motion under § 2255, Stevens contends that he is entitled to have his sentence set aside or corrected because this court, in imposing sentence, relied upon the allegedly erroneous statements contained in the presentence report. Thus, Stevens maintains, he was sentenced on improper grounds. We disagree.

■ In considering what sentence to impose, the judge is entitled to consider a broad range of information, including but not limited to the contents of the presentence report. As we noted in *United States v. Broce,* No. 81–20119–02, No. 82–20011–01 (D.Kan., *unpublished, 8/5/82),*

A sentencing court has great latitude with respect to matters that may be considered for the purpose of imposing an appropriate sentence. The judge may, before sentencing, conduct an inquiry broad in scope, largely unlimited either as to the kind of information he may consider or the source from which it may come. *United States v. Tucker,* 404 U.S. 443 [92 S.Ct. 589, 30 L.Ed.2d 592] (1972). In fact, he may consider the fullest information possible concerning the defendant's life, his characteristics, and his conduct. 18 U.S.C. § 3577, *Smith v. United States,* 551 F.2d 1193 (10th Cir.1977), *cert. denied* 434 U.S. 830 [98 S.Ct. 113, 54 L.Ed.2d 90] (1977). Additionally, due process does not preclude the court from relying on hearsay in a presentence report. *United States v. Garcia,* 544 F.2d 681 (3rd Cir.1976).

**1012**

Under ordinary circumstances, a sentence imposed on the basis of information contained in the presentence report would not be subject to attack.

■ As Stevens suggests, however, a sentence based on inaccurate, erroneous, or incomplete information is inconsistent with due process. *Townsend v. Burke,* 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690 (1979). Thus, it has been held that a sentence explicitly based upon unverified and unreliable charges of serious criminal conduct must be vacated. *United States v. Weston,* 448 F.2d 626 (9th Cir.1971), *cert. denied,* 404 U.S. 1061, 92 S.Ct. 748, 30 L.Ed.2d 749 (1972). This well established rule emphasizes the importance of accuracy in the presentence report. But a sentence cannot be vacated upon the mere allegation that erroneous information was contained in the presentence report. The Ninth Circuit has expressed the standard for cases such as this as follows:

> The clear teaching of *Townsend* and *Weston* is that a sentence will be vacated on appeal if the challenged information is (1) false *or* unreliable, and (2) demonstrably made the basis for the sentence. In the context of a § 2255 proceeding, a motion must be denied unless it affirmatively appears in the record that the court *based* its sentence on improper information.
>
> *Farrow v. United States,* 580 F.2d 1339, 1359 (9th Cir.1978) (emphasis in original).

Thus, in order for the court to correct or set aside his sentence, Stevens must demonstrate first, that the presentence report contained erroneous information, and second, that the court based its sentence upon that information.

■ Even assuming, arguendo, that the dollar amount contained in the presentence report was erroneous, Stevens has failed to satisfy the second prong of the test set out in *Farrow, supra.* He has offered nothing to support his contention that this court based its sentence upon the allegedly erroneous information. The fact is the court did not rely upon the allegedly erroneous dollar amount in imposing sentence upon Stevens. The sentence was imposed in light of the evidence adduced at trial concerning Stevens' involvement in the criminal activity for which he was convicted and with regard to his rather substantial prior criminal record.

■ In addition, we believe that the proper time to challenge the information contained in the presentence report was at the sentencing stage. A review of the transcript of the sentencing hearing in this case clearly indicates that Stevens and his attorney had ample opportunity to review the presentence report and to state any objections that they might have. Likewise, the matter could have been raised on appeal.

> A defendant waives his right to attack the presentence report through a § 2255 motion when he fails to avail himself of an opportunity to do so contemporaneously or on direct appeal. *See Brown v. United States,* 610 F.2d 672, 675–76 (9th Cir.1980); *United States v. Leonard,* 589 F.2d 470 (9th Cir.1979); *Farrow v. United States,* 580 F.2d 1339, 1358 (9th Cir.1978) (*en banc*).
>
> *United States v. Donn,* 661 F.2d 820 (9th Cir.1981). *See also Smith v. United States,* 635 F.2d 693, 697 (8th Cir.1980).

Thus, even if the court had relied upon the erroneous information in imposing sentence, Stevens simply waived his opportunity to object with respect to the sentence actually imposed.

Stevens also suggests that he could not have objected to the erroneous information at the time of sentencing because the presentence report he was permitted to view at the time of sentencing was "different" (*i.e.* did not contain the erroneous information) from the one he was allowed to view during the parole process. We have reviewed the presentence report that was prepared by the probation department prior to sentencing and made available to Stevens at that time. Because that report contains the dollar figures that Stevens contends are erroneous, we find his assertion that he was allowed to view a "different" presentence report not to be supported by the record.

For the foregoing reasons, Stevens' sentence cannot be set aside on the ground that his sentence was based upon erroneous information.

*II. Stevens' argument that he was denied effective assistance of counsel.*

In the supplement to his § 2255 motion, Stevens urges that he was denied effective assistance of counsel, in violation of the Sixth Amendment, because his attorney failed to advise him of the contents of the presentence report and its significance in the parole process. Stevens says that he did not voice his objections to the dollar figures contained in the presentence report at the time of the sentencing hearing because his attorney did not discuss the contents of the report with him, nor did his attorney tell him that it would have any impact after sentencing.

■■■■ In order to prove ineffective assistance of counsel, a defendant must show that his counsel did not exercise the skill, judgment and diligence of a reasonably competent attorney. *Dyer v. Crisp,* 613 F.2d 275, 278 (10th Cir., *en banc*), *cert. denied,* 445 U.S. 945, 100 S.Ct. 1342, 63 L.Ed.2d 779 (1980). Thus, we must determine whether defense counsel, Mr. John Humpage, exercised the skill, judgment and diligence of a reasonably competent attorney in his representation of Stevens at the sentencing stage. It should be noted that the adequacy of legal representation, where ineffective assistance of counsel is alleged, is not to be measured by hindsight or by success. *See, e.g., United States v. Nelson,* 582 F.2d 1246, 1250 (10th Cir.1978).

The transcript of the sentencing hearing clearly refutes Stevens' allegation that Humpage did not apprise him of the contents of the presentence report. Humpage stated in open court and in Stevens' presence that both he and his client had read and discussed the report. There is no question that Stevens was afforded the opportunity to read the report before the sentencing hearing. During allocution when addressed by the court, he made no effort to rebut the contents of the report or contradict the statements of his attorney.

As to Stevens' allegation that Humpage failed to advise him of the significance of the presentence report and its impact with regard to parole proceedings, the transcript of the sentencing hearing is silent. Even assuming, however, that Stevens was not advised of the potential impact of the presentence report, we are not convinced that such a failure on Humpage's part constitutes ineffective assistance of counsel.

■■■ Stevens correctly cites *United States v. Pinkney,* 551 F.2d 1241 (D.C.Cir. 1976), as authority describing the duties of defense counsel at the sentencing stage. The court in *Pinkney* made it clear that a defense attorney has a duty to familiarize himself with all reports serving as a foundation for sentencing and to challenge them when inaccurate. 551 F.2d at 1250. Unless he has good reason to question the accuracy of the report, however, it appears that counsel has no obligation to challenge statements contained therein. The *Pinkney* court also stated that "[c]ounsel should confer with his client during the presentence period, keeping him fully informed of the dispositional alternatives, and their implications, and ascertaining the client's views." *Id.* The opinion does not mention whether counsel must inform his client of the importance of the presentence report for purposes of parole.

■■■ The record in the case at bar reveals that Humpage took appropriate steps to insure the accuracy of the presentence report. He reviewed the report and conferred with Stevens prior to the sentencing hearing. Stevens was certainly aware of the importance of the report and the need for accuracy therein. At the hearing, Humpage stated that the presentence report fully reviewed the respective positions of the defense and the prosecution. Stevens voiced no objection to that statement. We believe that absent facts giving rise to some reason to doubt the accuracy of the report, Humpage's conduct satisfied his obligation to insure the accuracy of the report. We find that Humpage exercised the skill, judgment and diligence of a reasonably

competent attorney. The mere fact that he did not specifically advise Stevens that the report would be a factor in parole determinations did not render his representation of Stevens ineffective or inadequate. Therefore, Stevens was not denied effective assistance of counsel.

 Notwithstanding our preceding conclusion, we believe that Stevens' attorney and other attorneys representing criminal defendants at the federal bar could enhance the quality and effectiveness of their representation by informing their clients of the importance of the presentence investigation report both for purposes of sentencing and for parole determination, and by conferring more closely with their clients to insure that any challenges to the contents of the report are brought to the court's attention at the sentencing hearing. Such a practice could do much to relieve attorneys of the burden of claims of ineffective assistance of counsel and would, therefore, serve to reduce the number of § 2255 motions filed in the federal courts on that ground.

*III. Stevens' argument that he was denied parole because his offense severity was classified on the basis of erroneous information contained in the presentence report.*

In addition to attacking the basis of the sentence and the quality of his legal representation, Stevens contends that the erroneous information contained in the presentence report has plagued him during the execution of his sentence, in that his offense was classified as "Greatest I" severity, therefore rendering him ineligible for parole consideration under the parole commission's guidelines until he has served forty to fifty-two months. Stevens also alleges that he was denied a furlough to visit family members solely because of his offense severity rating. In essence, Stevens asks this court to review the propriety of the decision of the parole commission in classifying his offense as "Greatest I" severity.

 Because such an inquiry concerns the *execution* of Stevens' sentence

rather than the *imposition* thereof, we believe that the issue has been improperly raised under 28 U.S.C. § 2255. Although a § 2255 motion is an appropriate method to challenge the validity of a sentence, it is not available to attack the manner of its execution. *See Wright v. United States Board of Parole,* 557 F.2d 74 (6th Cir.1977); *McNair v. McCune,* 527 F.2d 874 (4th Cir.1975); *Lee v. United States,* 501 F.2d 494 (8th Cir. 1974); *Robinson v. United States,* 474 F.2d 1085 (10th Cir.1973). Rather, the proper method of attacking the actions of the parole commission is by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2241. *Brown v. United States,* 610 F.2d 672 (9th Cir.1980); *United States v. Von Sultzer,* 532 F.Supp. 584 (D.Nev.1982). Because we are to construe *pro se* pleadings liberally, *see Downing, supra; Cook, supra; Freeman, supra,* we will treat Stevens' contention regarding the action of the parole commission as if he is proceeding under § 2241. He is presently incarcerated at the Federal Correctional Institution at Leavenworth, Kansas; therefore, this court has jurisdiction.

 Before obtaining judicial review of a parole commission decision, an inmate must exhaust the administrative remedies provided by the parole commission. *See Rosati v. Haran, supra; Gade v. Day,* No. 79–3102 (D.Kan., *unpublished,* 8/2/79). Stevens contends that he has exhausted his administrative appeals. Absent a showing to the contrary by the government, we will assume that Stevens has exhausted his administrative remedies and, therefore, that the matter is ripe for judicial review.

 Judicial review of parole commission determinations is extremely limited, however. The Court of Appeals for the Tenth Circuit has defined the standard of judicial review of parole commission actions as "whether the decision is arbitrary and capricious or is an abuse of discretion." *Dye v. United States Parole Commission,* 558 F.2d 1376 (10th Cir.1977). *Accord, Billiteri v. United States Board of Parole,* 541 F.2d 938, 944 (2d Cir.1976). Thus, a district

court is not to "repass on the credibility of reports" or other information received by the parole commission, *Dye, supra,* at 1378, and cannot reweigh the evidence or substitute its judgment for that of the commission, *Hearn v. Nelson,* 496 F.Supp. 1111 (D.Conn.1980).

Like the sentencing judge, the parole commission is entitled to consider the contents of the presentence report as a basis for its decisions. Unlike a sentencing court, however, the commission may take into account factors which could not, for constitutional reasons, be considered by the sentencing court. *Mack v. McCune,* 551 F.2d 251, 254 (10th Cir.1977). Neither the sentencing court nor the parole commission has an obligation to corroborate or substantiate every allegation in the presentence report, *Rosati v. Haran, supra,* at 1155, nor is the parole commission obligated to thoroughly investigate the accuracy of information contained in a presentence report when an inmate merely calls it into question, *Jaime v. United States,* No. 78–3234 (D.Kan., *unpublished,* 8/2/79). In deference to the broad discretion granted to the parole commission by Congress, it has been held that "the Parole Commission is not only competent to decide, but also subject to a statutory obligation to resolve, ... [disputes concerning material in the report] ... if not previously addressed by the sentencing court...." *Rosati v. Haran, supra,* at 1160.

The broad discretion of the parole commission is not without limit, however. The commission must not act arbitrarily or capriciously, or abuse its discretion. *See Dye v. United States Parole Commission, supra.* The commission must abide by its own rules and regulations, as well as the statutory requirements established by Congress. *See Allen v. Hadden,* 536 F.Supp. 586 (D.Colo.1982). Congress has specified what information must be considered by the parole commission in making a parole determination.

*Section 4207. Information considered.*

In making a determination under this chapter (relating to release on parole) the Commission *shall* consider, if available and relevant:

(1) Reports and recommendations which the staff of the facility in which such prisoner is confined may make;

(2) Official reports of the prisoner's prior criminal record, including a report or record of earlier probation and parole experiences;

(3) Presentence investigation reports;

(4) Recommendations regarding the prisoner's parole made at the time of sentencing by the sentencing judge; and

(5) Reports of physical, mental, or psychiatric examination of the offender.

There shall also be taken into consideration such additional relevant information concerning the prisoner (*including information submitted by the prisoner*) as may be reasonably available.

18 U.S.C. § 4207 (emphasis added).

Thus, although the parole commission is obligated to consider the contents of the presentence report, it is also required to consider additional relevant information, including information offered by the prisoner himself.

The regulations promulgated by the commission clarify the commission's obligation to consider "additional relevant information." 28 C.F.R. § 2.19(b) (1982) provides as follows:

(b) There shall also be taken into consideration such additional relevant information concerning the prisoner (including information submitted by the prisoner) as may be reasonably available (18 U.S.C. 4207). The Commission encourages the submission of relevant information concerning an eligible prisoner by interested persons.

Although this provision in large measure echoes the statute, it also makes it clear that the commission will and must consider relevant information submitted by the prisoner and by other "interested persons." More to the point in the case at bar, 28 C.F.R. § 2.19(c) (1982) governs the determination of a prisoner's offense severity rating.

(c) The Commission may take into account any substantial information available to it in establishing the prisoner's offense severity rating, salient factor score, and any aggravating or mitigating circumstances, provided the prisoner is apprised of the information and afforded an opportunity to respond. If the prisoner disputes the accuracy of information presented, the Commission shall resolve such dispute by the preponderance of the evidence standard; that is, the Commission shall rely upon such information only to the extent that it represents the explanation of the facts that best accords with reason and probability.

Thus, in determining Stevens' severity rating, the parole commission was obligated to inform Stevens of the information they relied on, to afford him an opportunity to respond, and in case the accuracy of the information was disputed, to resolve the dispute by a preponderance of the evidence.

■ Although the scope of review of the parole commission's determinations is extremely narrow, we are not powerless to review the parole commission's classification of Stevens' offense severity. At least one court has held that the parole commission abused its discretion by not applying the preponderance of the evidence standard prescribed under 28 C.F.R. § 2.19(c), where the prisoner had presented evidence disputing his alleged involvement in a larger conspiracy. *Allen v. Hadden, supra.* Another court has held that where "the objection to the categorization rests . . . upon an ultimately knowable [but disputed] fact which can be easily determined," a court can intervene to determine the existence or nonexistence of the disputed fact, notwithstanding the parole commission's previous determination. *Stassi v. Hogan,* 395 F.Supp. 141, 144 (N.D.Ga.1975), *modified on other grounds, Mayo v. Sigler,* 428 F.Supp. 1343, at 1350 (N.D.Ga.1977). In other words, if the parole commission bases its classification of the prisoner's offense severity upon disputed information that can readily be determined to be false, that classification decision can constitute an abuse of discretion. *See Jaime v. United States,*

No. 78–3234 (D.Kan., *unpublished, 4/30/79*). In a case similar to the one at bar, however, a judge of this district upheld the decision of the parole commission on the ground that the petitioner "simply failed to present sufficient evidence to convince the commission that the [disputed] information in the presentence report was, in fact, erroneous." *Jaime v. United States,* No. 78–3234, slip op. at 2 (D.Kan., *unpublished, 8/2/79*), (Rogers, J.). Judge Rogers concluded there was a rational basis for the commission's determination and, therefore, no abuse of discretion. *Id.* at 3.

■ The ultimate question before this court is whether or not the parole commission abused its discretion in determining Stevens' offense severity rating as "Greatest I" severity. Stevens' allegations suggest that the parole commission did abuse its discretion by making the classification on the basis of erroneous information and by refusing to consider rebuttal evidence submitted by the author of the presentence report and by an F.B.I. agent, as well as that submitted by Stevens himself. Because we do not have the records of the parole commission before us, we are unable to determine whether the commission has, in fact, acted arbitrarily and capriciously or abused its discretion.

As was noted previously, we will treat this matter as if it were properly raised in a petition for writ of habeas corpus under § 2241. Accordingly, a rule to show cause is ordered to issue whereby the government is directed to address the issue raised by Stevens: whether the parole commission has abused its discretion or acted arbitrarily and capriciously by denying parole to Stevens because of an offense severity rating based upon erroneous information.

IT IS THEREFORE ORDERED that Stevens' motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255, on the grounds that his sentence was improperly based upon erroneous information contained in the presentence report or that he was denied effective assistance of counsel be and hereby is denied. IT IS

FURTHER ORDERED that Stevens' remaining contention be and hereby is construed as a petition for writ of habeas corpus under 28 U.S.C. § 2241. IT IS FURTHER ORDERED that a rule to show cause issue and the government is directed to file a response on or before March 1, 1983.

## ON MOTION TO DISMISS

In our Memorandum and Order dated February 2, 1983, we denied Stevens' contentions correctly brought under 28 U.S.C. § 2255, and construed his additional contention as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. A rule to show cause was issued, to which the government has not yet responded.

The court is now in receipt of a letter from Stevens, in which he states that he does not wish to pursue this matter any further. We construe this request as a motion to voluntarily dismiss the petition for writ of habeas corpus. There appears to be no reason why Stevens' motion should not be granted.

IT IS THEREFORE ORDERED that Stevens' petition for habeas corpus be and hereby is dismissed. IT IS FURTHER ORDERED that the rule to show cause be and hereby is rescinded.