**UNITED STATES of America, Plaintiff,**

v.

**Martha A. BROWN, Defendant.**

**No. 86 10020 01.**

United States District Court,
D. Kansas.

Nov. 6, 1987.

Ben Burgess, U.S. Atty., Wichita, Kan., for plaintiff.

Martha A. Brown, pro se.

## MEMORANDUM AND ORDER

CROW, District Judge.

This matter comes before the court on the motion of Martha A. Brown, *pro se*, to vacate, set aside, or correct her conviction and sentence pursuant to 28 U.S.C. § 2255. The court has determined that no hearing on this motion is necessary.

On July 21, 1986, defendant pled guilty to two counts of distribution of cocaine and one count of possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1). On September 8, 1986, this court sentenced defendant to be imprisoned for concurrent terms of five years, and ordered that defendant serve a special parole term of three years pursuant to 21 U.S.C. § 841(b). Defendant's subsequent Rule 35 motion to reduce her sentence,

which recited defendant's cooperation with the court and her advanced pregnancy, was denied on January 23, 1987.

Defendant now attempts to attack her conviction and sentence by means of a § 2255 proceeding on the ground that her presentence report contained erroneous information. Because defendant is proceeding *pro se*, this court must interpret her pleadings as liberally as possible. *Downing v. New Mexico State Supreme Court*, 339 F.2d 435 (10th Cir.1964). Defendant's *pro se* motion states two major arguments: that defendant was denied due process because she was sentenced on the basis of erroneous information contained in the presentence report; and, that defendant was denied effective assistance of counsel at the sentencing stage because her attorney failed to challenge those inaccuracies and failed to advise her of the report's impact with regard to parole proceedings. Defendant further faults the court for not making specific findings of fact at the sentencing hearing concerning the alleged inaccuracies. The court will examine this latter assertion first.

■ The record from defendant's sentencing hearing reveals that only one inaccuracy in the presentence report was brought to the court's attention. Defendant's counsel noted that defendant did not perceive the events surrounding the "gun incident" as the prosecution had. Defendant did not recall stating "this is illegal, you motherfucker, this is illegal" upon confronting the FBI agent in her residence, and defendant either did not hear or did not understand that the person who had forcibly entered her residence was a law enforcement officer. Additionally, defendant ceased her assault as soon as she was "convinced" the intruder was a law enforcement officer. Defendant's counsel conceded that it was "perhaps not exactly right to phrase it as a factual dispute." The court noted counsel's statements and ordered that a written record of those statements be appended to and accompany the copy of the presentence report furnished to the confinement authorities.

The court does not, and did not at defendant's sentencing, view defendant's differing perception of the "gun incident" as a factual inaccuracy compelling a specific finding pursuant to Fed.R.Crim.P. 32(c)(3)(D). The court viewed the comments of defendant's counsel as warranting inclusion in the presentence report so that the confinement authorities would have both the prosecution's and the defendant's versions of the incident in question.

■ The court next examines defendant's contention that inaccuracies in the presentence report deprived her of due process of law. It is true that a sentence based upon inaccurate, erroneous, or incomplete information is inconsistent with due process. *Townsend v. Burke*, 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948). However, a sentence cannot be vacated upon the mere allegation that erroneous information was contained in the presentence report. It is generally recognized that a sentence will be vacated on appeal if the challenged information is:

1) materially false or unreliable, and

2) demonstrably made the basis for the sentence.

*Farrow v. United States*, 580 F.2d 1339, 1359 (9th Cir.1978); *Barton v. Lockhart*, 762 F.2d 712, 713 (8th Cir.1985); *United States v. Rone*, 743 F.2d 1169, 1171 (7th Cir.1984).

Defendant complains of three alleged inaccuracies:

1. that the defendant assaulted "known" police officers;

2. that the amount of cocaine involved was in excess of 27 grams of "pure" cocaine; and,

3. that defendant felt "little" remorse. Dk. # 29, p. 3–4.

Defendant additionally alleges that other "erroneous, inaccurate and prejudicial statements" are contained in the presentence report, but does not identify or refer with more particularity to those statements. In the absence of a specification of the particular provisions of the eleven-page presentence report which defendant desires stricken and the information which defend-

ant deems objectionable the court cannot examine these vague claims of error. *See United States v. Cuevas-Ramirez,* 733 F.2d 731, 732 (10th Cir.1984).

The court has scoured the presentence report in search of the alleged inaccuracies, and finds therein no statement that plaintiff assaulted a "known" police officer. The report does include the prosecution's version of the offense, which states that a special agent for the FBI pounded on defendant's front door and announced loudly "police, search warrant, open up," and repeated that process seven times with no response. Upon forcibly entering defendant's residence, the agent again "announced his authority and purpose," then walked into the living room announcing "police, search warrant," where he was confronted by defendant, armed with a gun. Defendant put her pistol down and surrendered after a Liberal, Kansas, Police Department Officer commanded her several times to do so.

The prosecution's version of the "gun incident," if viewed in isolation, would support an inference that defendant knew the person she assaulted was a law enforcement officer. Defendant was present in the residence in which loud and often repeated statements of identity and purpose were made by the special agent. However, defendant's version of that same incident refutes that inference by stating, through comments made at the sentencing hearing, that defendant was not aware the intruder was a law enforcement officer and ceased her assault upon learning that information.

Additionally, plaintiff has offered nothing to show that this court based defendant's sentence even in part upon this allegedly erroneous inference. The fact is the court did not rely upon the inference that plaintiff knew her assault victim was a law enforcement officer in imposing sentence upon her. That sentence was imposed in light of the evidence of plaintiff's involvement in the criminal activity to which she pled, and the uncontradicted evidence concerning the assault charge, which was dismissed.

■ Defendant additionally objects to an inference or statement that the amount of cocaine involved was in excess of 27 grams of "pure" cocaine. In her version of the offense, defendant concedes that she possessed approximately 38 grams of cocaine. Accordingly, defendant's challenge can only reasonably mean that such cocaine was not "pure." The court's review of the presentence report has disclosed no reference to defendant's involvement with "pure" cocaine. Rather, the only reference to the "purity" of the cocaine is in the prosecution's version of the offense, which states that the cocaine which forms the basis of Count I was of a 43% purity, that the cocaine which forms the basis of Count II was of a 72% purity, and that the cocaine which forms the basis of Count III, which was seized from two locations, was of an 84% purity and of a 64% purity. Defendant has failed to show that any of these conclusions is materially false or misleading, or that the degree of purity of the cocaine played any part in the court's imposition of sentence. The degree of purity of the cocaine played no part in this court's decision to sentence defendant.

■ The presentence report does include the probation officer's evaluation that defendant "expresses little remorse for the offense and feels it was a method of obtaining ample funds to raise her family." p. 11. Defendant contends this is inaccurate because she in fact felt "great remorse." Dk. # 29, p. 3–4. The court recognizes now, as it did at the time of defendant's sentence, that this statement reflects solely the probation officer's opinion or assessment of defendant's sentiments. The court finds that such opinions do not constitute "factual inaccuracies" which may deprive a defendant of due process. Additionally, defendant appeared in person at her sentencing and had an opportunity to express directly to this court the extent of her remorse.

■ The court finds no due process violation. Further, the proper time to challenge the information contained in the presentence report is at the sentencing stage. The transcript of the sentencing hearing

reveals that defendant and her attorney had sufficient opportunity to review the presentence report and to state any objections to it they may have had. Defendant concedes that the errors of which she now complains were known to her prior to the sentencing hearing. The matter could also have been raised on appeal. As stated in *United States v. Donn,* 661 F.2d 820 (9th Cir.1981).

A defendant waives his right to attack the presentence report through a § 2255 motion when he fails to avail himself of an opportunity to do so contemporaneously or on direct appeal. *See Brown v. United States,* 610 F.2d 672, 675–76 (9th Cir.1980); *United States v. Leonard,* 589 F.2d 470 (9th Cir.1979); *Farrow v. United States,* 580 F.2d 1339, 1358 (9th Cir. 1978) *(en banc).*

*See also Smith v. United States,* 635 F.2d 693, 697 (8th Cir.1980), *cert. denied,* 450 U.S. 934, 101 S.Ct. 1397, 67 L.Ed.2d 368 (1981); *United States v. Stevens,* 559 F.Supp. 1007, 1012 (D.Kan.1983). Defendant has waived her right to object with respect to the sentence actually imposed.

■ The court next examines defendant's claim of ineffective assistance of counsel. The Tenth Circuit has recently reviewed the standards applicable to such claims by stating:

The sixth amendment to the United States Constitution explicitly entitles one accused of a crime "to have the Assistance of Counsel for his defence." The Supreme Court has recognized this provision means the right to "effective" assistance of counsel. *McMann v. Richardson,* 397 U.S. 759, 771 n. 14, 90 S.Ct. 1441, 1449 n. 14, 25 L.Ed.2d 763 (1970). In *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the Court set forth guidelines for determining whether a criminal defendant was deprived of effective assistance of counsel. The Court instructed that reversal is required only when a defendant demonstrates that (1) counsel's performance was deficient and (2) the deficiency prejudiced his defense. *Id.* at 687, 104 S.Ct. at 2064–65.

To prove deficient performance, "the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Strickland,* 466 U.S. at 688, 104 S.Ct. at 2065. In assessing attorney performance, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance...." *Id.* at 689, 104 S.Ct. at 2065–66. Bearing in mind that this is a "highly deferential" review, *id.,* an attorney's conduct must be evaluated in light of the circumstances facing him at the time of trial. A court which makes this evaluation must be especially vigilant to avoid the "distorting effects of hindsight." *Id.*

*Dutton v. Brown,* 812 F.2d 593, 597 (10th Cir.1987), *cert. denied sub nom. Dutton v. Maynard,* — U.S. —, 108 S.Ct. 116, 98 L.Ed.2d 74 (1987).

*United States v. Pinkney,* 551 F.2d 1241 (D.C. Cir.1976) more specifically describes the duties of defense counsel at the sentencing stage.

The court in *Pinkney* made it clear that a defense attorney has a duty to familiarize himself with all reports serving as a foundation for sentencing and to challenge them when inaccurate. 551 F.2d at 1250. Unless he has good reason to question the accuracy of the report, however, it appears that counsel has no obligation to challenge statements contained therein. The *Pinkney* court also stated that "[c]ounsel should confer with his client during the presentence period, keeping him fully informed of the dispositional alternatives, and their implications, and ascertaining the client's views." *Id.* The opinion does not mention whether counsel must inform his client of the importance of the presentence report for purposes of parole.

*United States v. Stevens,* 559 F.Supp. 1007, 1013 (D.Kan.1983).

The record in the present case reveals that defendant's counsel took appropriate steps to insure the accuracy of the presentence report. He reviewed the report and conferred with defendant prior to the sentencing hearing. He explained to the court

defendant's version of the "gun incident," and noted that what had earlier been perceived as a "mistake" regarding defendant's education had been cured by the addition of a missing page. Additionally, no materially false or unreliable statements of fact have been shown to be contained in the presentence report.

The mere fact that defendant's counsel did not specifically advise defendant that the presentence report would be a factor in parole determinations did not render his representation of defendant ineffective or inadequate. *See United States v. Stevens*, 559 F.Supp. at 1007. The court's own statement that defendants' version of the "gun incident" would be "submitted with the presentence report as a part of the presentence report" that would be "furnished to the confinement authorities" should have alerted defendant that the report had significance beyond the sentencing stage itself. Defendant's counsel exercised the skill, judgment and diligence of a reasonably competent attorney. However, the court agrees with Judge O'Connor's assessment that

> ... attorneys representing criminal defendants at the federal bar could enhance the quality and effectiveness of their representation by informing their clients of the importance of the presentence investigation report both for purposes of sentencing and for parole determination ...

559 F.Supp. at 1014.

IT IS THEREFORE ORDERED that defendant's motion to vacate, set aside, or correct her sentence, pursuant to 28 U.S.C. § 2255, is denied.