**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Robert ESTRADA, Jr.,**
**Defendant–Appellant.**

**No. 86–2040.**

United States Court of Appeals,
Tenth Circuit.

June 14, 1988.

Peter Schoenburg, Office of Federal Public Defender, Albuquerque, N.M., for defendant-appellant.

Paula Burnett, Asst. U.S. Atty. (William L. Lutz, U.S. Atty., and Jennifer A. Salisbury, Asst. U.S. Atty., Albuquerque, N.M., on the brief), Albuquerque, N.M., for plaintiff-appellee.

Before McKAY, BARRETT and TACHA, Circuit Judges.

TACHA, Circuit Judge.

On August 29, 1984, Robert Estrada, Jr. pleaded guilty to one count of conspiracy to distribute cocaine. Before accepting the guilty plea, the district court conducted a hearing in which it questioned Estrada concerning his capacity to enter a plea, his understanding of the rights he was waiving, and his willingness to plead guilty. The court then accepted Estrada's guilty plea and subsequently sentenced him to a term of imprisonment of twelve years.

On April 12, 1985, Estrada filed a motion pursuant to 28 U.S.C. § 2255 asking that the judgment against him be vacated. He argued essentially that (1) his guilty plea was involuntary, and (2) he was denied the effective assistance of counsel. The district court dismissed Estrada's petition without holding an evidentiary hearing. Estrada appeals, arguing that he was entitled to a hearing. We remand the case to the district court so that a hearing may be held.

Congress has provided that "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall ... grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255. In reviewing a claim under section 2255, we engage in a two-step inquiry. *United States v. Barboa*, 777 F.2d 1420, 1422 (10th Cir.1985). First, we must decide whether Estrada would be entitled to relief if his allegations were proved. Second, we must decide whether the district court abused its discretion in refusing to hold an evidentiary hearing. *Id.* We will consider each of Estrada's claims under this two-step test.

## I.

Estrada's first argument is that his plea was involuntary. He claims that (1) the prosecutor threatened to file charges against him that the prosecutor had no probable cause to believe were warranted, (2) defense counsel coerced him to plead guilty by threatening to withdraw, and (3) both prosecutor and defense counsel prom-

ised him a light sentence if he would cooperate. The government argues that Estrada did not raise the latter two issues to the district court and is therefore foreclosed from arguing them here. We have reviewed the record and find that these issues were raised in sufficient detail below to preserve them for appeal. We therefore proceed to decide whether Estrada's claims, if proved, would entitle him to relief.

Estrada's version of the pertinent facts is as follows. The day before his plea hearing Estrada met with his attorney, Ron Koch, to discuss the charges against him. Estrada told Koch he did not believe he was guilty. Koch said that he wanted Estrada to plead guilty, that if he did not do so the prosecutor would charge him with eight counts and seek a seventy-five year sentence, and that Koch did not want to fight the case in a lengthy trial. When Estrada insisted he was innocent, Koch told him to take the charges home and read them. Later that afternoon Estrada called Koch and again told him he did not wish to plead guilty. Koch said he had gone to a lot of trouble to arrange the plea agreement and that if Estrada backed out things would go badly for him. He also threatened to resign if Estrada did not accept the deal. Koch told Estrada to "sleep on it" and then meet him at the courthouse the next morning one half hour before the plea hearing.

The next morning Estrada went with a friend, "Popeye" Mulligan, to the courthouse where he told Koch he did not wish to plead guilty. Estrada said his only offense was use of the phones; he denied conspiring to distribute cocaine. Koch repeated his warning that if Estrada did not plead guilty he would face a massive sentence and would be tried together with a codefendant against whom the government had a stronger case. At this point the prosecutor, Robert Baca, approached the group. When Baca learned that Estrada was unwilling to plead guilty he became very upset. He threatened to charge Estrada with eight counts and seek a sentence of seventy-five years for "messing up my deal." He also promised leniency if

**1306**

Estrada would cooperate. Koch said Estrada would not get "much of a sentence" if he went along with the deal. Immediately thereafter the parties entered the courtroom for the plea hearing.

Estrada substantiated his version of the facts by submitting affidavits, including a statement by his friend Mulligan who witnessed the conversation between Estrada, Koch, and Baca. He also submitted a letter from Koch.

■ If Estrada can prove his version of the facts, he may be entitled to relief. For instance, if the prosecutor threatened to charge Estrada with crimes the prosecutor had no reasonable cause to believe he committed, Estrada's plea may have been involuntary. *See Bordenkircher v. Hayes,* 434 U.S. 357, 364, 98 S.Ct. 663, 668, 54 L.Ed.2d 604 (1978). Likewise, coercion by the accused's counsel can render a plea involuntary. *Iaea v. Sunn,* 800 F.2d 861, 867 (9th Cir.1986) (citing cases). Finally, while an erroneous sentence estimate does not render a plea involuntary, if an attorney "unfairly holds out an assurance of leniency in exchange for a confession of guilt, the question may arise whether such assurances were coercive...." *Wellnitz v. Page,* 420 F.2d 935, 936 (10th Cir.1970). We therefore conclude that Estrada would be entitled to relief on his claim of involuntariness if his assertions of coercion were proved.

We must next decide whether the court erred in denying Estrada an evidentiary hearing. Estrada is entitled to an evidentiary hearing unless his motion and the files and records of the case "conclusively show that [he] is entitled to no relief." 28 U.S.C. § 2255. The government argues that the transcript of the plea hearing conclusively shows that Estrada's version of the facts is incorrect and he voluntarily pleaded guilty, making an evidentiary hearing unnecessary. Our review reveals that the transcript is less than conclusive. Estrada told the court he had not been threatened, but when the court asked him, "Has there been any promises made to you to get you to plead to this matter?", he answered, "Yes, sir." The court then inquired, "In what nature were those promises?" Estrada's attorney answered the question by saying there was a plea agreement. The court asked Estrada if this was what he was referring to. Estrada said it was. Later the court explored with Estrada the nature of the plea agreement. The following exchange took place:

THE COURT: Would you in your own words, Mr. Estrada, tell me what it is you get out of this deal? What do you get? What is in it for you?

ESTRADA: My chance to have an opportunity, to be represented by people that are nonincriminating, as opposed to people that are incriminating.

Confused by this response the court asked defense counsel to elaborate. Koch said he thought Estrada was talking about sentencing.

Estrada's statement is ambiguous. While he may have been referring to sentencing, as defense counsel surmised, his use of the words "represented by" may also indicate that he was trying to tell the court that he was dissatisfied with the services of his lawyer. We cannot say that the transcript "conclusively shows" Estrada was not coerced by his attorney.

Regarding Estrada's claim of improper prosecutorial threats, the government correctly points out that Estrada told the judge he had not been threatened and that this statement is entitled to considerable weight. "Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison,* 431 U.S. 63, 74, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977). A defendant's statements at a plea hearing "should be regarded as conclusive [as to truth and accuracy] in the absence of a believable, valid reason justifying a departure from the apparent truth" of those statements. *Hedman v. United States,* 527 F.2d 20, 22 (10th Cir.1975). Estrada argues that the coercive pressure of his discussion with Koch and Baca moments before the hearing influenced him not only to plead guilty but to not tell the judge of the threats. When viewed together with Estrada's response to the court's question about his plea agreement and Estrada's

providing a witness to the critical conversation, we cannot say that his denial at the hearing of receiving threats is conclusive. Estrada's contentions regarding the involuntariness of his plea are neither "unsupported by specifics" nor "wholly incredible" in the face of the record. *Blackledge*, 431 U.S. at 74, 97 S.Ct. at 1629. We hold that Estrada has "the right to support [his claims] by evidence." *Crow v. United States*, 397 F.2d 284, 286 (10th Cir.1968).

## II.

Estrada's second argument is that he was denied the effective assistance of counsel because (1) his attorney did not investigate whether the prosecutor had probable cause to charge Estrada with the eight counts he threatened, and (2) his attorney promised him a light sentence. As with the previous issue we must determine initially whether Estrada's allegations would entitle him to relief if he can show in a hearing that they are true.

■ The Supreme Court has said that the two-part test announced in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), applies to challenges to guilty pleas based on ineffective assistance of counsel. *Hill v. Lockhart*, 474 U.S. 52, 57–58, 106 S.Ct. 366, 369, 88 L.Ed.2d 203 (1985). Thus Estrada would be entitled to relief only if (1) Koch's performance fell below an objective standard of reasonableness, and (2) but for counsel's error Estrada would have insisted on going to trial. *Id.* Even if it is true that Koch did not make an investigation into each of the eight counts, counsel's performance was not constitutionally deficient. Estrada admits that Koch listened to tape recordings of conversations between Estrada and his coconspirator. While this investigation alone may not have revealed whether there was probable cause for each of the individual counts the government threatened to bring, it was sufficient to determine the necessary breadth of the investigation. "[S]trategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." *Strickland*, 466 U.S. at 690–91, 104 S.Ct. at 2065–66. We cannot say that Koch's decision not to make a more extensive investigation fell below the standard of reasonable competence. Therefore, even if Estrada's factual claims on this point are true, they do not entitle him to relief.

■ The second reason Estrada says his counsel was ineffective stems from counsel's assurance that Estrada would not receive "much of a sentence." We accept as true Estrada's claim that Koch made this promise but find that it is insufficient to show that counsel's performance was constitutionally deficient, *see Wellnitz*, 420 F.2d at 936.

Since no relief would be warranted on Estrada's ineffective assistance of counsel claim, the district court is not required to consider it in the evidentiary hearing. We remand for an evidentiary hearing limited to the question of whether Estrada voluntarily pleaded guilty.

REVERSED AND REMANDED.