**UNITED STATES of America**

v.

**James Lamont MARSH, Movant.**

**No. 89–20035–01.**

United States District Court,
D. Kansas.

March 20, 1990.

Robert S. Streepy, Asst. U.S. Atty., for U.S.

Thomas L. Boeding, Kansas City, Kan., for movant.

## MEMORANDUM AND ORDER

EARL E. O'CONNOR, Chief Judge.

This matter is before the court on movant James Lamont Marsh's pro se motion for relief from sentencing pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure. On June 27, 1989, Marsh pled guilty to three counts of wire fraud in violation of 18 U.S.C. § 1341 involving the sale of microwave popcorn vending machines. On August 14, 1989, Marsh was sentenced to three years on each count pursuant to 18 U.S.C. § 4205(a), which the court ordered to run consecutively. On December 5, 1989, movant filed a motion pursuant to Rule 35(b) to reduce or correct his sentence. The court ordered the government to file a response and movant has subsequently filed a traverse.[1] The court has determined that no hearing on this motion is necessary. For the following reasons, the motion is denied.

As an initial matter, liberal construction of movant's pro se motion has revealed cognizable claims under both 28 U.S.C. § 2255 and Rule 35(b) of the Federal Rules of Criminal Procedure.[2] Marsh's alleged grounds for relief under section 2255 include (1) ineffective assistance of counsel; (2) involuntariness of his plea; and (3) erroneous presentence investigation report. Pursuant to Rule 35(b), Marsh moves for a reduction in sentence due to family hardship.

*Ineffective Assistance of Counsel*

First, we address Marsh's claim of ineffective assistance of counsel. Specifically, Marsh claims that his counsel, Thomas Boeding, was ineffective in (1) informing him that "concurrency would pervade the sentencing;" (2) failing to properly examine the presentence investigation report; and (3) failing to call or depose witnesses.

In order to establish ineffective assistance of counsel, Marsh must demonstrate that (1) his counsel's performance was deficient and (2) the deficiency prejudiced his defense. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). To prove deficient performance, the defendant must show that counsel's representation fell below an objective standard of reasonableness evaluated in light of the circumstances facing counsel at the time and not with the benefit of hindsight. *Id.* at 688–89, 104 S.Ct. at 2064–65. Since *Strickland,* the Supreme Court has held that the same two-part test applies to challenges to guilty pleas based on ineffective assistance of counsel. *Hill v. Lockhart,* 474 U.S. 52, 57–58, 106 S.Ct. 366, 369–70, 88 L.Ed.2d 203 (1985). Here, Marsh would be entitled to relief only if (1) counsel's performance fell below an objectively reasonable standard; and (2) but for counsel's error, Marsh would have insisted on going to trial. *Id. See also United States v. Estrada,* 849 F.2d 1304, 1307 (10th Cir.1988).

Applying these standards to the instant case, we find no evidence of ineffectiveness on the part of Boeding. Regarding the alleged erroneous estimate of concurrent sentences, we note that in a similar case, the Tenth Circuit declined to hold constitutionally deficient an attorney's estimate that a defendant would not receive "much of a sentence." *See United States v. Estrada, supra,* 849 F.2d at 1307. On this basis, even if we accept as true

---

1. Petitioner has also filed a motion for reconsideration of the court's order of January 31, 1990, allowing the government an additional ten days to file the response for good cause shown. Since petitioner has not provided the court with any sound basis for the requested reconsideration, petitioner's motion is denied.

2. Because petitioner is proceeding pro se, the court must interpret his pleadings as liberally as possible. *Downing v. New Mexico State Supreme Court,* 339 F.2d 435 (10th Cir.1964).

Marsh's unsubstantiated allegation that he was informed by counsel he would receive a concurrent sentence, we find this is insufficient to show counsel's performance was constitutionally ineffective. The plea colloquy clearly shows that Marsh understood the matter of sentencing rested solely with the court, and that there had been no promises made to induce his guilty plea.

With respect to Boeding's alleged failure to properly examine the presentence report, although a defense attorney has the duty to familiarize himself with all reports serving as a basis for sentencing, he has no obligation to question statements contained in the report without good cause. *See United States v. Stevens*, 559 F.Supp. 1007, 1013 (D.Kan.1983). The record of the sentencing hearing reflects that Boeding took appropriate steps to insure the accuracy of the presentence report by reviewing the report and conferring with Marsh prior to the sentencing hearing. At the hearing, Boeding stated that while the presentence report contained some minor inaccuracies, it was substantially correct and there was no attempt made by Marsh to contradict the statement of his attorney. Therefore, we conclude that Boeding's examination of the presentence report was not deficient.

We reach a similar conclusion with respect to the alleged failure of Boeding to depose certain witnesses. The only specific witness identified by Marsh is Michael Lerner, who Marsh alleges would have testified that one of the victims identified in the Victim Impact Statement portion of the presentence investigation did not sustain the losses alleged. Accepting this unsupported allegation as true, the court finds that Marsh has not met the second prong of the test established in *Strickland*, since he has failed to show sufficient prejudice from counsel's failure to depose this witness, especially given the number of other victims listed in the report. We note also, that Marsh stated to the court at the plea hearing that he was satisfied with the advice and services of his attorney. In sum, the court denies Marsh's motion for relief under section 2255 based on ineffective assistance of counsel.[3]

### Voluntariness of Guilty Plea

Next, Marsh requests relief under section 2255 on the ground that his plea was involuntary. First, Marsh alleges that his plea was coerced by Boeding's "promise" of a concurrent sentence. We disagree. The Tenth Circuit has clearly held that absent a reckless promise of a specific sentence or the unfair holding out of an assurance of leniency in exchange for a guilty plea, an erroneous sentence estimate by defense counsel, based on experience or instinct, or an erroneous expectation by the defendant, based on the prediction, does not render a plea involuntary. *Wellnitz v. Page*, 420 F.2d 935 (10th Cir.1970). *See also United States v. Estrada, supra*, 849 F.2d at 1307. Although Marsh now asserts that his guilty plea was rendered involuntary by counsel's inducement to plead guilty with "false promises and fallacious statements, i.e., reduced sentence, concurrent sentence," the record refutes this claim. First, the court clearly informed the defendant of the maximum sentence he could receive on each count. Further, Marsh and his attorney signed a memorandum of understanding as to the plea, clearly stating that no promises, representations or inducements were made. Marsh then reaffirmed these statements orally during the plea colloquy. Having made these statements in open court, Marsh cannot now complain about the sentence he received. *See United States v. Sisneros*, 599 F.2d 946, 947 (10th Cir.1979); *see also Hedman v. United States*, 527 F.2d 20, 22 (10th Cir.1975).

Next, Marsh attacks the voluntariness of his guilty plea on the ground that it was induced by "intimidation and misconduct" of the Assistant United States District Attorney, who allegedly stated in a

---

**3.** Marsh also alleges that, at some unspecified time, his counsel informed Marsh he wished to withdraw from the case which Marsh alleges indicates "a conflict of interest and a compensated commitment." Even if such a statement had been made by counsel to Marsh, a review of the court file reveals no motion to withdraw was ever filed.

phone conversation with Marsh's attorney that a personal "snitch sheet" would be placed in Marsh's file if he did not comply with the portion of the plea agreement requiring Marsh to submit to debriefing by the Federal Bureau of Investigation. Marsh alleges that he was able to overhear this statement when the phone was placed "in hearing distance." Again, Marsh's uncorroborated allegation conflicts with his statement in open court during extensive questioning pursuant to Rule 11, that his plea was made without duress, force or threat and that he was pleading guilty because he was, in fact, guilty of all three counts. Generally, the accuracy and truth of an accused's statement at a Rule 11 proceeding at which his guilty plea is accepted are conclusively established in the absence of a believable reason justifying departure from their apparent truth. *United States v. Bambulas*, 571 F.2d 525, 526 (10th Cir.1978), *citing Hedman v. United States*, 527 F.2d 20, 22 (10th Cir. 1975). Here, we conclude that Marsh's unsubstantiated allegations, when compared with the court record, are insufficient to support his claim of involuntariness.

■ We apply this same analysis in rejecting the final ground raised to support Marsh's allegation of involuntariness; specifically, the court's failure to grant a continuance of the trial date. Marsh alleges that "[w]ithout the continuance, [he] was inclined and persuaded with other relevant variables to agree, begrudgingly to a plea agreement." A review of the record reveals that Marsh has failed to show an abuse of the court's discretion in denying the continuance. *See Smith v. United States*, 413 F.2d 975 (10th Cir.), *cert. denied*, 396 U.S. 932, 90 S.Ct. 273, 24 L.Ed.2d 231 (1969). Marsh had from approximately May 16, 1989, until June 26, 1989, to prepare for trial, and he has failed to show either that this time was inadequate for him to prepare or that his plea was induced by the denial of the continuance. In sum, we deny Marsh's claim that his plea was involuntarily made.

### Presentence Investigation Report

Marsh's final section 2255 claim attacks his sentence on the grounds that the presentence report contained erroneous information. The allegedly erroneous information includes statements that Marsh used funds received for purchase of the popcorn machines for personal reasons, that certain victims never received the machines and that he received a letter of reprimand from the United States Parole Commission.

■ Although a sentence based upon inaccurate information is inconsistent with due process, a sentence may not be vacated upon the mere allegation that erroneous information was contained in the presentence report. Rather, a sentence will be vacated if the challenged information is materially false or unreliable and demonstrably made the basis for the sentence. *See United States v. Brown*, 673 F.Supp. 425, 427 (D.Kan.1987). Even assuming that Marsh's allegations of erroneous information are correct, he has completely failed to satisfy the second prong of this test and has offered nothing to support his contention that this court based its sentence on the allegedly erroneous information. In fact, the court did not rely on this information, but imposed its sentence in light of the evidence of movant's admitted involvement in the criminal activity to which he pled guilty. *See United States v. Brown, supra*, 673 F.Supp. at 428.

■ Moreover, we believe that the proper time to challenge the information contained in the presentence report is at the sentencing stage. A defendant waives his right to attack a presentence report through a section 2255 motion when he fails to avail himself of an opportunity to do so contemporaneously or on direct appeal. *United States v. Stevens, supra*, 559 F.Supp. at 1012 (citation omitted). Here, the transcript of the sentencing hearing reveals that defendant and his attorney had sufficient opportunity to review the presentence report and to state any objections to it they may have had. At the hearing, Boeding stated that, while the report contained minor inaccuracies, it was substantially correct. Finally, during allocution,

when addressed by the court, Marsh made no effort to rebut the contents of the report or contradict the statement of his attorney. He also signed the report stating that he had no objections to it and that it was factually correct.

For the foregoing reasons, we decline to set aside Marsh's sentence on the ground that his sentence was based upon erroneous information.

*Family Hardship*

■ Finally, Marsh moves for a reduction of sentence pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure on the ground of family hardship, asserting that a reduction would enable him to assist in the support of his wife and two children "without having them become a burden of the state." Although Marsh does not allege that this information was unavailable to the court at the time of sentencing, even if that were the case, we do not believe that a reduction in sentence is warranted on this basis.

While we are sympathetic to the financial hardship suffered by Marsh's family members, we believe his concern for their welfare comes too late. It would have been more appropriate for Marsh to consider this hardship prior to committing the crimes for which he was convicted. Further, "if the financial strain on the families of prisoners was a sufficient ground for vacating [or reducing] a sentence, the jails would be empty. Unfortunately, a prisoner's family often pays as high a price for the prisoner's crime as does the prisoner. That injustice, however, cannot be remedied by this court." *United States v. Banks*, 1990 WL 17090 (N.D.Ill.1990).

In summary, the court finds that the files and record in the instant case conclusively show that Marsh in not entitled to relief from his sentence under either 28 U.S.C. § 2255 or Rule 35(b).

IT IS THEREFORE ORDERED that movant's motion is denied.