986 F.2d 1429
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Jose ROJAS, Petitioner-Appellant,
v.
Raymond ROBERTS, and Attorney General, State of Kansas,
Respondents-Appellees.
 No. 92-3214.
 United States Court of Appeals, Tenth Circuit.
 Feb. 17, 1993.
 
 Before SEYMOUR, STEPHEN H. ANDERSON and BALDOCK, Circuit Judges.*
 ORDER AND JUDGMENT**
 BALDOCK, Circuit Judge.
 
 
 1
 Petitioner Jose Rojas appeals the district court's denial of his petition for writ of habeas corpus, 28 U.S.C. § 2254, moves for leave to proceed in forma pauperis, 28 U.S.C. § 1915, and applies for a certificate of probable cause, Fed.R.App.P. 22(b). We have jurisdiction under 28 U.S.C. § 2253. Petitioner challenges his state conviction entered pursuant to his guilty plea, claiming that he was denied the effective assistance of counsel, that the trial court failed to appoint a certified court interpreter to assist Petitioner, and that the trial court erred when it failed to appoint counsel and grant an evidentiary hearing for Petitioner's post-conviction motion. We grant Petitioner leave to proceed in forma pauperis, grant his certificate of probable cause, and affirm the district court's denial of habeas relief for substantially the same reasons outlined in the district court's order.
 
 
 2
 To establish a claim of ineffective assistance of counsel, Petitioner must show (1) that counsel committed errors so serious that the defendant did not receive the counsel guaranteed by the Sixth Amendment, and (2) that counsel's performance was so deficient that the defendant did not receive a fair trial. Strickland v. Washington, 466 U.S. 668 (1984). The Strickland test applies to guilty plea challenges based on ineffective assistance of counsel. Hill v. Lockhart, 474 U.S. 52, 57-58 (1985). When challenging counsel's assistance in entering a guilty plea, a petitioner must show that counsel's performance fell below an objective standard of reasonableness and that but for counsel's error, petitioner would have insisted on going to trial. United States v. Estrada, 849 F.2d 1304, 1307 (10th Cir.1988). The district court found the record devoid of any evidence that the Estrada requirements for proof of ineffective assistance of counsel were met.
 
 
 3
 Petitioner's claim of ineffective assistance of counsel is based on his allegation that due to counsel's inability to communicate with Petitioner, which resulted from a language barrier, trial counsel failed to conduct any investigation, did not communicate with him concerning pretrial matters or the preliminary hearing, did not discuss the elements of the crimes charged, and did not discuss the penalties of the crimes charged. However, it is clear from the record that during the plea hearing, Petitioner stated that his attorney's services had been satisfactory. Furthermore, both counsel and Petitioner's interpreter testified during the plea withdrawal hearing that all advice by counsel and all questions by the judge had been communicated to Petitioner in his own language before the court accepted Petitioner's guilty plea. The interpreter also testified that Petitioner never indicated that he did not understand the proceedings. Therefore, as the district court determined, the record was devoid of evidence that Petitioner's counsel was ineffective.
 
 
 4
 Petitioner's second complaint before the district court was that the trial court failed to appoint Petitioner a certified interpreter as required by K.S.A. 75-4353(b) which provides as follows:
 
 
 5
 No person shall be appointed as an interpreter pursuant to 75-4351, unless the appointing authority makes a preliminary determination that the interpreter is able to readily communicate with the person whose primary language is one other than English, or who is deaf or mute, or both, and is able to accurately repeat and translate the statement of said person.
 
 
 6
 Although the record does not reflect that the state court made the preliminary determination required under the statute, the rulings of a state court regarding the appointment and qualifications of interpreters do not reach constitutional proportions as long as Petitioner understood the proceedings. Soap v. Carter, 632 F.2d 872, 875 (10th Cir.1980), cert. denied, 451 U.S. 939 (1981). As stated above, Petitioner indicated during the plea hearing that he understood the proceedings and did not communicate any dissatisfaction with the translation. Additionally, at the hearing on the motion to withdraw the plea, the interpreter testified that he had accurately translated the statements of the court, Petitioner's attorney, and Petitioner.
 
 
 7
 Petitioner's final claim is that the trial court erred when it failed to appoint counsel and hold an evidentiary hearing on his post-conviction motion. As the district court noted, there is no constitutional right to counsel in state post-conviction proceedings. Pennsylvania v. Finley, 481 U.S. 551 (1987). Furthermore, state court evidentiary or procedural rulings will not be questioned on habeas review unless Petitioner can show that because of the trial court's actions, the proceeding was fundamentally unfair. Tapia v. Tansey, 926 F.2d 1554, 1557 (10th Cir.), cert. denied, 112 S.Ct. 115 (1991). Petitioner has made no such showing.
 
 
 8
 AFFIRMED.
 
 
 
 *
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case therefore is ordered submitted without oral argument
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3