O’BRIEN, Circuit Judge,
dissenting:
I respectfully dissent. 28 U.S.C. § 2255(b) provides that if the motion, files and records conclusively show that a defendant is not entitled to relief, the court does not need to grant a hearing. In my view, the record conclusively shows that Duran-Salazar is not entitled to relief because even assuming he was prevented from testifying, his allegation that he was not part of a conspiracy is wholly incredible.
The district court summarized the government’s evidence at trial as follows:
Border Patrol Agent ... Shank testified that in the early morning hours, and from an elevated vantage point using infrared equipment, he spied five images congregating near a house on the Mexico side of the border. The images appeared to him to be men carrying backpacks as they began walking toward the border. Shank directed other agents toward the moving images so the agents could intercept them in a gully after they crossed the border.
The endeavor was complicated by a moving train that blocked the other agents’ view and because some of the images scattered and ran. Eventually five people were arrested. One was located right next to six bags filled with drugs. He was tried with [Duran-Salazar] and another person who were found at least one hundred, and perhaps as far as two hundred, yards away from the bags. Shank testified that, although he did not use the record function on the infrared equipment, the images on the screen were never out of his sight.
R. Vol. 1, Doc. 11 at 5-6.
In the face of this evidence, Duran-Salazar alleged in his motion:
In this case, no evidence exists that any conspiracy to violate laws, together, exists. Evidence shows, to [the] contrary, the parties lived in different locations, and just happened to be at the same location, to enter the United States at the same time.
Counsel failed to have [me] testify, when [I] wanted to, [that I] had no agreement with the other defendants....
Counsel further never proved the very issue he rfaised], that no agreement existed. In fact, the matter was not even *213 addressed by counsel ... even though this is what the defense counsel claimed.
Id., Doc. 1 at 8-9 (emphasis added).
The district court acknowledged that Duran-Salazar’s lawyer told the jury in opening statement that “his client would be testifying and telling them how he had crossed the border illegally as he had done before looking for construction work, did not know the other defendants, and was just at the wrong place at the wrong time.” Id., Doc. 11 at 30 (quotation marks omitted). Nonetheless, the court found “[b]e-cause it is possible to resolve the issues on the pleadings, and the record established conclusively that [Duran-Salazar] is not entitled to relief, I find that an evidentiary hearing is not necessary.” Id. at 2. In particular, the court found no prejudice in that “there is no possibility that the testimony would have effected the outcome of the trial because the substance of that testimony was in fact plainly before the jury.” Id. at 33-34.
In reviewing the sufficiency of § 2255 motion, we do not need to accept as true allegations that are “unsupported by specifics [or] wholly incredible in the face of the record.” United States v. Estrada, 849 F.2d 1304, 1307 (10th Cir.1988) (quotation marks omitted); see also Owens v. United States, 483 F.3d 48, 57 (1st Cir.2007) (holding that “[i]f a district court dismisses a § 2255 claim without holding an evidentiary hearing, we take as true the sworn allegations of fact set forth in the petition unless those allegations are merely conclusory, contradicted by the record, or inherently incredible”) (quotation marks omitted). Even if we overlook the lack of detail in Duran-Salazar’s motion, he is not entitled to a hearing because the allegation that he “had no agreement with the other defendants,” R. Vol. 1, Doc. 1 at 8, is wholly incredible.
Agent Shank testified that using night-vision equipment, he observed five people assemble and cross the border with backpacks. When they were confronted by border guards four of them ran, ditching their packs with a single defendant. Although Duran-Salazar was arrested one to two hundred yards away from the defendant left holding the packs, the witness testified that the suspects were never out of sight. The notion that five people crossed the border with packs full of drugs and ditched them with the same person in the absence of an agreement is “wholly incredible in the face of the record.” Estrada, 849 F.2d at 1307. Because the record conclusively establishes that Duran-Salazar is not entitled to relief, the district court did not err in denying his request for an evidentiary hearing.
The majority says “[W]e lack the confidence to label as “wholly incredible” the notion that a group of illegals might band together for the purpose of crossing the border together, and might scatter upon confrontation with a border patrol, without necessarily being in cahoots for other purposes.” The statement is telling more for what it omits than for what it says. It fails to take into account the six backpacks containing drugs. Duran-Salazar might, coincidently and innocently, have been crossing the border with a small group of drug smugglers yet unconnected with them and unaware of their purposes. While theoretically possible it would, indeed, be a wholly incredible coincidence.