**Robert L. BARTON, Appellant,**

v.

**A.L. LOCKHART, Director, Arkansas Department of Correction, Appellee.**

No. 84–2219.

United States Court of Appeals, Eighth Circuit.

Submitted April 9, 1985.

Decided May 22, 1985.

Robert L. Brown, Little Rock, Ark., for appellant.

Velda P. West, Atty. Gen., Little Rock, Ark., for appellee.

Before BRIGHT, ARNOLD and FAGG, Circuit Judges.

PER CURIAM.

Robert L. Barton appeals from the district court's order denying his petition for habeas corpus relief under 28 U.S.C. § 2254. For reversal, Barton contends that he was denied due process because the sentencing judge relied on erroneous information in the presentence report. We reverse and remand to the district court for further proceedings consistent with this opinion.

In 1981, Barton pled guilty to three counts of burglary in the Pulaski County Circuit Court and was sent to the GYST House, an alternative sentencing facility that concentrates on alcohol and drug related problems. Barton walked away from the GYST House, was arrested, and was returned to the Pulaski County Circuit Court for sentencing. At the sentencing hearing the Pulaski County Public Defender's Office provided the judge with a presentence report indicating that Barton previously had been in the penitentiary three times. The report showed that in 1975 Barton pled guilty to a charge of robbery, for which he was given a four year sentence, and that Barton twice had violated parole while serving this four year sentence. Although Barton denied ever having violated parole, the judge relied on the presentence report and sentenced Barton to five years on each of the three burglary charges, with the sentences to run consecutively for a total of fifteen years.

The presentence report relied on by the state court judge, however, was erroneous. The Arkansas Department of Correction records show that Barton had not violated parole. "A trial court has wide discretion in making a sentencing determination; but sentences based on material misinformation or erroneous assumptions may violate due process." *Ryder v. Morris,* 752 F.2d 327, 332 (8th Cir.1985). *See also Townsend v. Burke,* 334 U.S. 736, 740–41, 68 S.Ct. 1252, 1255, 92 L.Ed. 1690 (1948); *United States v. Catch the Bear,* 727 F.2d 759, 761

(8th Cir.1984). *Townsend* and *Ryder* clearly indicate that a defendant is denied due process if his sentence is based upon a materially false presentence report and the defendant has no meaningful opportunity to rebut the inaccuracies.

Although the sentencing judge justifiably relied on the presentence report, it is clear that this report contained material misinformation about Barton's criminal record. Moreover, the transcript of the sentencing hearing indicates that the judge's reliance on the erroneous information was influential in deciding what sentence to give Barton. Although Barton personally challenged the accuracy of the presentence report, he was represented by the Pulaski County Public Defender's Office, which had prepared the report, and therefore was denied the opportunity to challenge effectively the erroneous information.

Accordingly, we reverse and remand to the district court with directions to issue the writ of habeas corpus unless the state, using a corrected presentence report, resentences Barton within 90 days of this opinion.