Robert L. **KOHLEY**, Appellant,

v.

**UNITED STATES of America**, Appellee.

No. 85–2149.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 20, 1985.

Decided Feb. 20, 1986.

Robert L. Kohley, pro se.

John R. Osgood, Asst. U.S. Atty., Kansas City, Mo., for appellee.

Before ARNOLD, Circuit Judge, HENLEY, Senior Circuit Judge, and JOHN R. GIBSON, Circuit Judge.

PER CURIAM.

Robert L. Kohley appeals the district court's[1] denial of his 28 U.S.C. § 2255 petition without a hearing. We affirm.

---

1. The Honorable Elmo B. Hunter, United States Senior District Judge, Western District of Missouri.

Kohley, a former president of the Grandview Bank & Trust Company of Grandview, Missouri, pleaded guilty to a one-count information charging a violation of 18 U.S.C. § 656 (embezzlement and misapplication of bank funds of more than $100.00), and was sentenced to a fifty-four month term of imprisonment. He filed a § 2255 petition alleging that (1) in violation of his right to due process, he was sentenced on the basis of a materially false presentence report which he had no meaningful opportunity to rebut; (2) he was coerced by other inmates into taking a "passive role" during the sentencing hearing; and (3) his sentence is so harsh as to violate the eighth amendment.

## I. Presentence Report.

■ Kohley's principal contention is that he was not given a meaningful opportunity to rebut erroneous information included in his presentence report. We reject his contention. It is true that a sentence based on material misinformation may violate due process if the defendant's opportunity for rebuttal was not meaningful. *Barton v. Lockhart,* 762 F.2d 712, 713 (8th Cir.1985) (per curiam); *Ryder v. Morris,* 752 F.2d 327, 332 (8th Cir.1985). However, we are not convinced that the presentence report contained material misinformation. Due process does not require reconsideration of a sentencing decision " 'where the defendant is given a full and fair opportunity to reveal inaccuracies in the information relied upon by the sentencing court and fails to do so.' " *United States v. Manko,* 772 F.2d 481, 482 (8th Cir.1985) (per curiam) (quoting *United States v. Brown,* 715 F.2d 387, 389 (8th Cir.1983)). The district court found that Kohley was given an opportunity to comment on the presentence report prior to imposition of sentence, and the transcript of the sentencing hearing reveals that Kohley did in fact do so. Accordingly, no due process violation occurred.

■ Kohley contends that he did not personally see the report prior to the sentencing as required by Fed.R.Crim.P. 32(c) and

that resentencing is therefore required. However, we are satisfied from our review of the record that Kohley had the opportunity to see the report and probably did see the report prior to sentencing, that his attorney saw the report, and that Kohley made specific objections to matters in the report at the sentencing hearing. Rule 32(c) does not require more.

## II. Coercion by Other Inmates.

■ In his § 2255 motion, Kohley alleges that the United States Attorney coerced him into taking a "passive role" during the sentencing hearing by suggesting that harm would come to Kohley's family if Kohley spoke. In the "Formal Motion of Apology to John Osgood" filed in the district court on June 19, 1985, Kohley appears to have withdrawn this allegation. He alleges for the first time on appeal that the coercion came from other inmates. We do not consider issues of fact raised for the first time on appeal. Even if we were to do so, we would find Kohley's contention without merit, because there is no indication that Kohley concealed anything from the district court as a result of the alleged coercion.

## III. Harshness of Sentence.

Finally, Kohley alleges that his fifty-four month sentence is too harsh and violates the eighth amendment, citing *Solem v. Helm,* 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983). He states:

Kohley's sentence is disparit [sic] to sentences given in this district for the same crime and to the same criminal background. Between 7/1/82 through 6/30/83; 29 people were sentenced for a similar offense; 27 people received probation, with the other 2 persons receiving a split sentence comprised of 90 days in prison and 5 years probation. Under the same test, Kohley's sentence is disparit [sic] when compared to sentences given for the same crime and same offender background nationally. For a 12 month period ending June 30, 1984, convictions of similar offenses totalled 957. Only 23

persons received a longer sentence and the majority of those was greater because of consecutive sentences to serve. The statute under which Kohley was convicted provides for a fine of not more than $5,000.00 or imprisonment for not more than five years, or both. 18 U.S.C. § 656.

The factors to be considered under *Solem* are (1) the gravity of the offense and the harshness of the penalty; (2) how the sentence compares with other sentences imposed for the same crime in the same jurisdiction; and (3) how the sentence compares with sentences imposed for the same crime in other jurisdictions. 463 U.S. at 290–92, 103 S.Ct. at 3009–10. Given that Kohley was accused of the wrongful application of approximately $950,000.00 and in his capacity as bank president, we cannot say that his sentence, which was less than the maximum sentence, was unfairly harsh. *See United States v. Lewis,* 759 F.2d 1316, 1333–35 (8th Cir.1985); *United States v. Stead,* 740 F.2d 657, 659 (8th Cir.) (per curiam), *cert. denied,* —— U.S. ——, 105 S.Ct. 600, 83 L.Ed.2d 709 (1984).

No basis for § 2255 relief appearing, the judgment of the district court is affirmed.