# United States Court of Appeals
### FOR THE EIGHTH CIRCUIT

_____

No. 99-4059

_____

United States of America,     *
    *
     Appellee,     *
    *     Appeal from the United States
v.     *     District Court for the
    *     Southern District of Iowa.
Roger Eugene Hinton,     *
    *
     Appellant.     *

_____

Submitted: April 11, 2000
Filed: July 26, 2000

_____

Before BOWMAN and HANSEN, Circuit Judges, and CARMAN,[1] Judge.

_____

HANSEN, Circuit Judge.

Roger Eugene Hinton appeals the conviction and sentence entered by the district court[2] following his guilty plea to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). We affirm.

---

[1]The Honorable Gregory W. Carman, Chief Judge, United States Court of International Trade, sitting by designation.

[2]The Honorable Harold D. Vietor, United States District Judge for the Southern District of Iowa.

## I.

On October 4, 1997, Hinton was approached by state law enforcement officers in Bloomfield, Iowa, on an outstanding arrest warrant as a result of his state conviction for second degree theft and being a habitual offender. Upon approach, the officers notified Hinton about the warrant, and Hinton told the officers that he was not going to jail. Hinton produced a weapon and pointed it at the officers. A gunfight ensued, and Hinton and one of the officers were wounded. When the officers finally arrested Hinton, he had a stolen Smith & Wesson 9mm semiautomatic weapon on his person. A search of his truck and trailer produced additional weapons and ammunition.

On May 21, 1998, Hinton pleaded guilty in federal court to one count of being a felon in possession of a firearm. On November 2, 1998, Hinton filed a motion to withdraw his guilty plea and a notice of insanity defense. Hinton sought and obtained an order permitting him to transfer from federal custody back to the custody of the state of Iowa while awaiting federal sentencing. Hinton then sought and consented to transfer from Iowa state custody to the custody of the state of Arizona to appear on pending criminal charges in that jurisdiction. On December 11, 1998, while awaiting trial in Arizona, Hinton attempted to hang himself in jail. As a result of the attempted suicide, he may have been deprived of oxygen for as long as nine minutes. Hinton was hospitalized for six days. The state charges in Arizona were dismissed without prejudice, and Hinton was sent back to Iowa. On September 3, 1999, the federal district court held a competency hearing and determined that Hinton was competent to proceed. On October 27, 1999, the federal district court sentenced Hinton to 120 months of imprisonment. Hinton appeals.

## II.

Hinton contends that the district court violated his right to due process by forcing him to proceed to sentencing in this criminal matter while incompetent. Hinton asserts

2

that his amnesia, due to the brain hypoxia he suffered during the attempted hanging, rendered him incompetent to be sentenced. Hinton acknowledges that while amnesia alone is not a bar to prosecution, due process requires that a defendant be able to perform the functions essential to the fairness and accuracy of a criminal proceeding. Hinton argues that because he was not able to consult with and assist his counsel at sentencing, his due process rights were violated.

"Due process requires that a defendant be tried only if he is competent to assist in his own defense." United States v. Voice, 627 F.2d 138, 140 (8th Cir. 1980). The question is "whether the accused 'has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and whether he has a rational as well as factual understanding of the proceedings against him.'" Id. at 141(quoting Dusky v. United States, 362 U.S. 402, 402 (1960)). We will affirm the district court's factual determination of competency unless clearly erroneous. See United States v. Steil, 916 F.2d 485, 488 (8th Cir. 1990).

Although Hinton is no longer able to recall the events leading up to his arrest and his plea, it is clear from the plea transcript that Hinton fully recalled the events at the time of his plea. Hinton acknowledged that he had carefully read the written statement of facts and that it was 100% accurate. Hinton also asserted that he did not take any illegal or prescription drugs, and that he had not consumed any alcohol in the 24 hours prior to pleading guilty. Although defense counsel now alleges that withdrawal from narcotic or illicit drugs may have been the basis for Hinton's motion to withdraw his guilty plea and notice of insanity defense, Hinton was in custody for more than seven months prior to his entry of a guilty plea. It seems unlikely that he still would have been suffering from withdrawal symptoms after that length of time. In addition, this allegation directly contradicts Hinton's sworn statement that he did not take any illegal or prescription drugs. At oral argument, defense counsel stated that Hinton may have been withdrawing from medication he had taken after he was wounded in the October 1997 gunfight. Yet, no medical records or any other evidence

was offered to support this contention. We disagree with defense counsel that Hinton's present inability to explain the grounds for his motion to withdraw his guilty plea requires us to reverse the district court's judgment.

At the competency hearing, Dr. Christina Pietz, a government witness who prepared a report summarizing the results of Hinton's competency evaluation, testified that Hinton was competent to proceed with sentencing and that he was able to consult with his attorney and testify on his own behalf. (See Competency Tr. at 19-20). Dr. Pietz also stated, "I do think that [Hinton] understands the nature of the proceedings against him and has the capacity to understand basic, fundamental events that occur in the courtroom." (Competency Tr. at 17). Based on the testimony of Dr. Pietz and the competency report, the district court determined that Hinton was competent to be sentenced. We conclude the district court's determination was not clearly erroneous.

III.

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT