# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-2337

_____

United States of America,        \*

                        \*

        Appellee,       \*

                        \*   Appeal from the United States

    v.                  \*   District Court for the

                        \*   District of Minnesota.

Karl L. Foster, also known as Karl Act,  \*

                        \*     [UNPUBLISHED]

        Appellant.     \*

_____

Submitted:  October 4, 2000
Filed:   October 12, 2000

_____

Before BEAM, FAGG, and LOKEN, Circuit Judges.

_____

PER CURIAM.

    Karl Foster appeals his tax-offense convictions for violations of 18 U.S.C. § 371, 26 U.S.C. § 7206(2), and 26 U.S.C. § 7212(a), for which the district court[1] sentenced him to an aggregate of seventy-eight months imprisonment and three years supervised release.  We reject each of his arguments and affirm.

_____

[1]The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota.

At an April 16, 1997 motion hearing, Foster was examined in accordance with Faretta v. California, 422 U.S. 806 (1975), after which he knowingly, intelligently, and unequivocally waived his constitutional right to counsel.  The district court was not required to re-examine Foster when he discharged his standby counsel on the first day of trial, because he had no constitutional right to standby counsel.  See United States v. Einfeldt, 138 F.3d 373, 378 (8th Cir.), cert. denied, 525 U.S. 851 (1998).  For this reason, Foster also cannot claim ineffective assistance of standby counsel.  See United States v. Morrison, 153 F.3d 34, 55 (2d Cir. 1998).

The district court did not clearly err in determining that Foster was competent to proceed with his defense after he suffered an injury on November 18.  See United States v. Hinton, 218 F.3d 910, 912 (8th Cir. 2000) (standard of review).  The court was entitled to discount Foster's proclamation of incompetence and his doctor's cursory opinion, in favor of the opinion of a doctor who conducted an independent medical examination, as well as the court's own observations of Foster's ability to participate in his defense.  See James v. State of Iowa, 100 F.3d 586, 589 (8th Cir. 1996).

Foster's argument that IRS agents lacked authority to investigate his tax offenses is without merit, see United States v. Rosnow, 977 F.2d 399, 409 n.17, 413 (8th Cir. 1992) (per curiam), cert. denied, 507 U.S. 990 (1993), as is his argument that the IRS agents were not authorized to testify before the grand jury or at trial, see Fed. R. Evid. 601 ("Every person is competent to be a witness except as otherwise provided in these rules.").

Finally, the indictment sufficiently charged each of Foster's offenses.  See United States v. Ervasti, 201 F.3d 1029, 1037-38 (8th Cir. 2000) (§ 371 charge); United States v. Warner, 428 F.2d 730, 735 (8th Cir.) (§ 7206(2) charge), cert. denied, 400 U.S. 930 (1970); United States v. Williams, 644 F.2d 696, 699, 701 (8th Cir.) (§ 7212(a) charges), cert. denied, 454 U.S. 841 (1981).

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.