# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-2179

_____

United States of America,                    *
                                             *
                Appellee,                    *
                                             *    Appeal from the United States
        v.                                   *    District Court for the
                                             *    District of Nebraska.
Eric Estrada-Gatica, also known as           *
Danny Sanchez, also known as Beelo           *    **[UNPUBLISHED]**
Soto, also known as Mario Gustamante,        *
also known as Johny Sosa, also known         *
as Omar Salto, also known as Pedro           *
Catle,                                       *
                                             *
                Appellant.                   *

_____

Submitted:  February 3, 2003
    Filed:  February 7, 2003

_____

Before WOLLMAN, LOKEN, and RILEY, Circuit Judges.

_____

PER CURIAM.

        A jury found Eric Estrada-Gatica guilty of illegal reentry after deportation, in violation of 8 U.S.C. § 1326(a), and the district court[1] sentenced him to 100 months imprisonment and 3 years supervised release.  On appeal, counsel has moved to

---

[1]The HONORABLE RICHARD G. KOPF, Chief Judge, United States District Court for the District of Nebraska.

withdraw and filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), and Estrada-Gatica has filed a pro se supplemental brief. Upon careful review of the record, we reject seriatim the multiple arguments for reversal, and we affirm.

As to the <u>Anders</u> brief arguments, Estrada-Gatica's sentence does not violate <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), <u>see</u> <u>United States v. Kempis-Bonola</u>, 287 F.3d 699, 701-02 (8th Cir.), <u>cert. denied</u>, 123 S. Ct. 295 (2002); there is no indication that a deportation order was entered in this case and thus, we need not address counsel's argument about time limits on detention after entry of a deportation order; an illegal-reentry conviction does not require proof of specific intent, <u>see</u> <u>United States v. Gonzalez-Chavez</u>, 122 F.3d 15, 17-18 (8th Cir. 1997); and the government offered evidence in support of each of the elements of the offense, <u>see</u> <u>United States v. Moyer</u>, 313 F.3d 1082, 1086 (8th Cir. 2002).

The pro se arguments also fail. The district court did not clearly err in finding Estrada-Gatica competent to stand trial, <u>see</u> <u>United States v. Hinton</u>, 218 F.3d 910, 912 (8th Cir. 2000); he waived his rights under the Speedy Trial Act by failing to file a motion to dismiss below, <u>see</u> <u>United States v. White Horse</u>, No. 02-1199, 2003 WL 118646, at *3 (8th Cir. Jan. 13, 2003); we see no plain error with regard to Estrada-Gatica's constitutional speedy-trial rights, <u>see</u> <u>id.</u>; <u>Kempis-Bonola</u>, 287 F.3d at 701; he failed to move for departure based on diminished mental capacity and in fact, he received the sentence he requested, <u>see</u> <u>United States v. Murphy</u>, 248 F.3d 777, 780 (8th Cir. 2001); his claim to United States citizenship is contradicted by the jury's verdict, and further, Estrada-Gatica himself testified at trial that he was not a United States citizen; and his ineffective-assistance claim is not properly before us in this direct criminal appeal.

Finally, having reviewed the record under <u>Penson v. Ohio</u>, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues. Accordingly, we grant counsel's motion to

withdraw, we affirm Estrada-Gatica's conviction and sentence, and we deny his pending motions.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.