

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-28-2009

# USA v. Cordell Bines

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1389

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Cordell Bines" (2009). *2009 Decisions.* Paper 1978.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1978

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 08-1389
_____

UNITED STATES OF AMERICA

v.

CORDELL MAURICE BINES,

Appellant

_____

On Appeal from United States District Court
for the District of New Jersey
(D.C. No.:1-07-cr-00714-001)
District Judge: Honorable Renee M. Bumb

_____

Submitted Under Third Circuit LAR 34.1(a)
January 8, 2009

Before: CHAGARES and HARDIMAN, *Circuit Judges* and ELLIS,[*] *District Judge*

(Filed: January 28, 2009)

_____

OPINION OF THE COURT
_____

HARDIMAN, *Circuit Judge*.

_____

[*]The Honorable Thomas Selby Ellis, III, Senior District Judge for the United States
District Court for the Eastern District of Virginia, sitting by designation.

Cordell Bines pleaded guilty to two counts of bank robbery in violation of 18 U.S.C. § 2113(a) and (d) and one count of using and carrying a firearm in violation of 18 U.S.C. § 924(c)(1)(A)(iii) and 2. He appeals his sentence of 288 months imprisonment. We will affirm.

## I.

Because we write exclusively for the parties, we recount only the facts necessary to our decision.

Bines argues that his rights were violated under the Due Process Clause and Rule 32(f)(4)(A)(ii) of the Federal Rules of Criminal Procedure when the District Court pressured him into speaking in violation of his Fifth Amendment right to remain silent and then relied on his failure to express remorse in sentencing him at the top of the Guidelines range.

Prior to appearing in court for sentencing, Bines submitted a written statement in which he accepted full responsibility for his crimes and expressed remorse. At the sentencing hearing, Bines's counsel requested a mitigated sentence and the following colloquy ensued:

COURT:        Mr. Bines, do you wish to address me?

MR. BINES:    No.

COURT:        Do you have anything to say, Mr. Bines?

MR. BINES:    No.

COURT:        You have nothing to say?

2

MR. BINES: I have no idea what's wrong, but I can't change – what I say ain't going to make a difference.

After the government presented its arguments, the District Court rebuked Bines for his lack of remorse, and concluded that Bines would have "a long time to think about whether or not [he's] sorry." Bines then stated:

> You want me to lie? Say [that] I'm sorry? It's done, I did it it's done. What, you want me to lie and say I'm sorry. I was sorry but it's done, I can't change it. You want me to say I'm sorry to her? That's not goin' to matter to that lady. It's done, so what can I say? Nothing. But what would I said, nothin' goin' to change what's going to happen.

## II.

Bines did not take issue with the District Court's conduct at the time of sentencing. Accordingly, we will review his constitutional claim for plain error. *United States v. Olano*, 507 U.S. 725, 731 (1993).[1]

Our review of the transcript of the sentencing hearing leads to the conclusion that the District Court committed no error, much less plain error. Federal Rule of Criminal Procedure 32(i)(4)(A)(ii) required the District Court to give Bines the opportunity to speak before sentence was imposed and Judge Bumb did just that. The District Court's persistent questioning of Bines was reasonable in light of the statement that Bines had

---

[1] The Government argues that we should not address the merits of this appeal in light of the appellate waiver Bines signed. Because Bines has raised a due process challenge to the conduct of his sentencing hearing, we will bypass that issue and reach the merits. *See United States v. Khattak*, 273 F.3d 557, 562 (3d Cir. 2001) (finding that errors concerning alleged due process violations may amount to a miscarriage of justice and invalidate an appellate waiver).

submitted prior to his sentencing, in which he claimed to regret his actions, expressed remorse and apologized to the victims.

In this context, Bines's unwillingness to answer and his subsequent retort that whatever he might want to say would make no difference was fairly construed by the Judge Bumb as a failure to show remorse. Contrary to Bines's argument, the District Court did nothing wrong by giving him two additional opportunities to say something on his own behalf before sentence was imposed. Indeed, we view these questions as prudent in light of the importance of a criminal defendant's right of allocution at sentencing.

We also reject Bines's argument that the District Court erred in considering his lack of remorse as a sentencing factor. It is well settled that this is a valid consideration as a district court fashions a just and proper sentence. *See, e.g., United States v. King*, 454 F.3d 187, 195 (3d Cir. 2006) (district court did not err in relying on lack of remorse to impose a sentence that fell above an advisory Guidelines range).

For the aforementioned reasons, we will affirm the judgment of the District Court.