# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-1675

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| Gary W. Rickert, Sr., | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: December 15, 2011
Filed: July 19, 2012

_____

Before WOLLMAN, COLLOTON, and BENTON, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Gary Rickert, Sr. pleaded guilty to one count of bank fraud, in violation of 18 U.S.C. § 1344. On October 7, 2010, Rickert filed a motion for a competency hearing and evaluation pursuant to 18 U.S.C. § 4241. The district court[1] denied the motion, and sentenced Rickert to 72 months' imprisonment. Rickert appeals the denial of his motion for a competency determination and his sentence. We affirm.

_____

[1]The Honorable Carol E. Jackson, United States District Judge for the Eastern District of Missouri.

I.

Between November 1, 2006, and June 12, 2007, Rickert and his son, Brian E. Rickert, fraudulently obtained approximately $4.9 million in loans from at least five financial institutions to purchase and improve high-end residential properties in Missouri. The Rickerts' loan applications included false and material statements and were accompanied by fraudulent income tax returns. On June 11, 2009, a grand jury charged Rickert and his son with eight counts of bank fraud and money laundering. Rickert pleaded guilty to one count of bank fraud, in violation of 18 U.S.C. § 1344, and the government dismissed the other charges against him. Rickert's sentencing hearing was set for August 12, 2010.

Prior to the August sentencing, Rickert filed objections to the presentence report prepared by the United States Probation Office. Attached to the objections were letters, purportedly written by health care professionals, discussing Rickert's addiction to pain relievers and his mental health issues. The letters also requested that Rickert be allowed to participate in drug and alcohol rehabilitation programs while in prison. At the August sentencing, however, the probation office informed Rickert's attorney that the letters—which Rickert had given to his attorney—were forgeries. Rickert's attorney promptly moved to withdraw his objections to the PSR and to be granted leave to withdraw from the case. The district court granted the motions and appointed an assistant federal public defender, who had previously represented Rickert, to serve as counsel. Sentencing was rescheduled for October 12, 2010.

Rickert has a long history of mental illness. He suffers from schizophrenia, bipolar disorder, and major depression, among other illnesses. In September 2010, he was admitted to the hospital after reporting auditory hallucinations and exhibiting signs of severe paranoia. After ten days of treatment, he had stabilized and was discharged with a diagnosis of schizoaffective disorder and a treatment plan. He was admitted to the hospital again on October 10, 2010—two days prior to the October

sentencing—following an emergency call to his residence after he had fallen down the stairs. He was diagnosed with severe schizophrenia at that time.

Rickert's new attorney moved for a competency hearing and examination, citing the defendant's mental illness and his purported inability to assist counsel. At the October sentencing hearing, counsel stated that when she attempted to discuss the presentence report with her client, he was confused, suffered from memory lapses, and "ha[d] significant difficulty tracking what [was] going on." Counsel also argued that Rickert's electric shock therapy and recent hospitalization justified a competency determination. At the time, however, the information on Rickert's mental health in the presentence report was drawn from a report prepared in 2002 after Rickert's conviction for mail fraud. The probation office had verified Rickert's recent hospitalization and electric shock treatment, but counsel was unable to present the court with any current medical records. Rickert had declined to authorize the probation office to obtain his medical records.

The court denied Rickert's motion, concluding that there was insufficient evidence to show reasonable cause to believe that Rickert was currently suffering from a "mental disease or defect that affects his ability to understand the proceedings and to assist in his defense." The court was unwilling to grant a competency determination based on Rickert's words and actions, as communicated by his attorney. The court had strong doubts about Rickert's credibility because of his submission of false letters to the court and his prior felony conviction for fraud. The court also reasoned that Rickert's mental illness "d[id] not necessarily render him incompetent." The court was unwilling to rely on dated medical records to justify a hearing and examination, and the court observed that neither the court nor Rickert's attorney could determine if Rickert was malingering. The district court also was impressed by Rickert's remarks at the hearing, calling them "remarkably lucid and intelligent," given that he had just been released from the hospital.

After the October sentencing, Rickert filed a Motion for Order Correcting Clear Errors under Federal Rule of Criminal Procedure 35(a). He first argued that the district court erred by denying his request for a mental evaluation. He provided two exhibits—records from the September 2010 hospitalization, and a police report detailing the events leading to his October 2010 hospitalization—that supplemented the record in support of his motion for competency hearing. Rickert also argued that the district court had erred in rejecting as untimely objections made to the presentence report at the October sentencing. A revised report was filed on October 4, eight days before the October hearing. Rickert claimed that his objections were timely because Federal Rule of Criminal Procedure 32(f) gives parties fourteen days to object to a presentence report.

The district court granted Rickert's Rule 35(a) motion in part, concluding that it had committed clear error by preventing him from lodging objections to the presentence report. The court denied, however, Rickert's renewed request for a competency determination, "[f]or the reasons stated on the record during the sentencing hearing." A resentencing hearing was scheduled for March 10, 2011.

At the resentencing hearing, Rickert again objected to the denial of the competency examination. He relied on the record from the first sentencing hearing, as augmented by the updated presentence report, the records concerning his September hospitalization, and the October police report. In response to this objection, the district court stated that it "did not have any information and . . . still ha[d] not been presented with any information that indicates that Mr. Rickert presently suffers from any condition that would render him unable to understand the nature of the proceedings against him or to assist properly in his defense."

Rickert also lodged several objections to the presentence report in March. As relevant to this appeal, he challenged the imposition of a sentencing enhancement for obstruction of justice pursuant to USSG § 3C1.1, and the denial of a reduction for

-4-

acceptance of responsibility under USSG § 3E1.1. The district court overruled these objections, and calculated Rickert's advisory guidelines range to be 87 to 108 months' imprisonment, based on Rickert's criminal history category III and his offense level of 27. The court varied downward from the guideline range and sentenced Rickert to 72 months' imprisonment.

On appeal, Rickert argues that the district court abused its discretion in denying him a competency evaluation. He also challenges his sentence, arguing that the district court erred in applying a sentencing enhancement for obstruction of justice, and in denying a sentencing reduction for acceptance of responsibility. Finally, Rickert claims that the court erred by improperly basing his sentence on his need for mental health and medical treatment, in violation of 18 U.S.C. § 3582(a).[2]

## II.

### A.

Rickert first argues that he was entitled to a competency evaluation prior to the imposition of sentence. The conviction of an incompetent person is a violation of due process, *Pate v. Robinson*, 383 U.S. 375, 378 (1966); *United States v. Hinton*, 218 F.3d 910, 912 (8th Cir. 2000), and a defendant must be competent at all stages of prosecution, including sentencing. *See Hinton*, 218 F.3d at 912; *United States v.*

---

[2]The government moved to dismiss the portion of this appeal concerning competency on the ground that Rickert waived his right to appeal "non-sentencing issues," which was defined to encompass "all non-jurisdictional issues." The government concedes that the balance of the appeal may proceed, because Rickert did not waive the right to appeal "sentencing issues" if the court did not impose a sentence within the range recommended by the parties. We elect to bypass the possibility of a waiver and address the appeal on the merits. *Cf. United States v. Bines*, 309 F. App'x 580, 581 n.1 (3d Cir. 2009); *United States v. General*, 278 F.3d 389, 399 n.4 (4th Cir. 2002).

*Rahim*, 431 F.3d 753, 759 (11th Cir. 2005). A defendant is competent if he "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and "has a rational as well as factual understanding of the proceedings against him." *Dusky v. United States*, 362 U.S. 402, 402 (1960) (per curiam) (internal quotation omitted).

A statute directs the district court to grant a motion for a competency hearing when "there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a). The Constitution also requires an adequate hearing if there is sufficient doubt about the accused's competence. *Robinson*, 383 U.S. at 385-86. "[E]vidence of a defendant's irrational behavior, his demeanor at trial, and any prior medical opinion on competence to stand trial are all relevant in determining whether further inquiry is required," and "even one of these factors standing alone may, in some circumstances, be sufficient." *Drope v. Missouri*, 420 U.S. 162, 180 (1975). We review the district court's decision not to hold a competency hearing for abuse of discretion. *See United States v. Turner*, 644 F.3d 713, 723 (8th Cir. 2011).

Rickert contends that several aspects of the record, taken together, show reasonable cause to believe that he was incompetent. There are countervailing considerations with respect to each.

Rickert relies on observations made by counsel at the October sentencing. His attorney represented that Rickert seemed confused and was unable to follow questions counsel posed to him regarding the presentence report and the forged letters that he submitted to the court. Trial counsel's opinion is "unquestionably a factor which should be considered." *Drope*, 420 U.S. at 177 n.13. But the court need not "accept without question a lawyer's representations concerning the competence of his client,"

*id.*, and the district court here had sound reasons to discount counsel's assertions. Counsel's report stemmed solely from her interactions with Rickert. Rickert had just attempted to deceive the court by submitting false documents after a conviction for fraud. The court viewed the motion with "a high level of skepticism" because of "doubts that the Court ha[d] about Mr. Rickert's credibility." The district court was in a superior position to evaluate Rickert's credibility and the potential for malingering, and we are reluctant to second-guess its assessment.

Rickert also points to his history of mental illness, including his experience with electroshock therapy, and his hospitalizations in September and October 2010. A defendant's mental health is a fact to be considered in determining whether reasonable cause to doubt competency exists, but "[p]resence of a mental illness does not equate with incompetency." *United States v. Whittington*, 586 F.3d 613, 618 (8th Cir. 2009) (internal quotation omitted). Indeed, the district court was informed that Rickert was diagnosed in September 2001 with bipolar disorder with psychotic features, but found competent to stand trial in 2002 after a mental competency examination. The proper focus of the inquiry is not whether Rickert exhibited mental illness, but whether there was reasonable cause to believe that he could not understand the nature and consequences of the proceedings or assist properly in his defense. The district court thought it significant that as of the October sentencing, the court had "never received a single letter or report from [a] physician who has been involved in Mr. Rickert's care" that suggested incompetency.

Rickert was hospitalized in September 2010 after reporting auditory hallucinations and exhibiting signs of severe paranoia. During his stay, Rickert told a social worker that he was unaware of an upcoming court date in October, and "thought everything was resolved." He was discharged after ten days with a diagnosis of schizoaffective disorder and a treatment plan. The medical records reflect, however, that Rickert responded to medication and was stable upon his release from the hospital. The discharge report notes that he was "[a]lert and oriented" upon

release, and that he displayed average intellect at that time. Rickert's treatment plan was limited to a follow-up appointment.

Rickert was admitted to the hospital again in October 2010 after police were summoned to his residence. The police report shows that on October 10, 2010, an officer with the Creve Coeur Police Department responded to a distress call at Rickert's home and found him living in "an unhealthy condition." Police found feces and urine on the floors and bedding, and there was old, cooked food on the stove. Rickert told officers that he suffered from bipolar disorder, schizophrenia, and acute anxiety disorder, but had not been taking his medications for those conditions. Rickert was transferred to a hospital and diagnosed with severe schizophrenia.

The sentencing hearing was convened two days later, however, and the district court observed that Rickert was "remarkably lucid and intelligent" in delivering an allocution before the formal imposition of sentence. Rickert argues that we should not place too much emphasis on the allocution, because "many people with memory or comprehension problems, can nevertheless speak lucidly." The significance of Rickert's allocution, however, is not only that it was well spoken, but also that it demonstrated Rickert's understanding of the proceedings. He addressed several salient issues, saying that he thought he had presented the court with information about his mental condition by providing records to his former counsel, and that he wished his son and doctor were present to explain the "circumstances of" the false letters that he submitted. He also displayed an understanding of the legal system and the charges against him, citing specific properties involved in the fraudulent scheme, his efforts to minimize the losses incurred by those he defrauded, and proceedings in another court.

The Supreme Court has allowed that in some circumstances, "a defendant's demeanor during trial may be such as to obviate the need for extensive reliance on psychiatric prediction concerning his capabilities." *Drope*, 420 U.S. at 179 (internal

quotation omitted); *see United States v. Crawford*, 487 F.3d 1101, 1105 (8th Cir. 2007). Mental alertness and understanding during court proceedings were not enough to dispense with a competency hearing in *Robinson*, where there was uncontradicted testimony that the accused had exhibited a history of "pronounced irrational behavior." 383 U.S. at 386. Nor was the court's assessment of the defendant's demeanor sufficient in *Drope*, where the accused (1) submitted a report of a psychiatric doctor stating that the defendant "is a very neurotic individual" who suffered from mental illness and "needs the aid of a psychiatrist," (2) attempted to choke to death his wife (the alleged victim) on the eve of trial despite her previous desire to forego prosecution, (3) attempted suicide during the trial, and (4) was absent for a crucial portion of his trial. 420 U.S. at 164 n.1, 179-80. On the other hand, the Seventh Circuit held that a district court did not err in denying a competency determination based on the court's observations of the defendant at sentencing, even though the defendant had an extensive history of mental illness. *See United States v. Clark*, 114 F. App'x 239, 245-46 (7th Cir. 2004).

We must consider the record as a whole, including the statements of Rickert's counsel, the evidence of Rickert's mental illness, the district court's legitimate concerns about Rickert's possible malingering, and the court's personal observations of Rickert during the sentencing proceeding. We must also bear in mind the district court's institutional advantage over the court of appeals in evaluating the demeanor of the defendant and the statements of counsel about the defendant's mental state. *Cf. Gall v. United States*, 552 U.S. 38, 52 (2007). Having reviewed the relevant records and transcripts, we think the information cited in support of the motion was not so strong as to overcome the district court's reservations about Rickert's credibility and the court's observations that Rickert was lucid and intelligent during the sentencing proceedings. We conclude that the court did not abuse its discretion in finding no reasonable cause to believe that Rickert was incompetent. The district court thus did not commit reversible error in refusing to order a competency hearing.

Rickert also contends that the district court committed procedural errors at sentencing. We review the district court's factual findings for clear error, and its interpretation of the sentencing guidelines *de novo*. *See United States v. Quevedo*, 654 F.3d 819, 822 (8th Cir. 2011).

Rickert first argues that the court erred by imposing a two-level sentencing enhancement for obstruction of justice. He contends that the forged letters that he submitted to the trial court were not material, and that their submission should not trigger an enhancement under USSG § 3C1.1. The sentencing guidelines provide for a two-level upward adjustment when "the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to . . . sentencing." USSG § 3C1.1. The commentary includes a nonexhaustive list of situations that call for the enhancement, including when a defendant "provide[s] materially false information to a judge or magistrate judge." USSG § 3C1.1, comment. (n.4(F)). The guidelines define material evidence as "evidence . . . that, if believed, would tend to influence or affect the issue under determination." USSG § 3C1.1, comment. (n.6).

We conclude that the district court properly applied the enhancement. The parties do not dispute that Rickert submitted fraudulent letters to the court with his sentencing memorandum. The letters purported to notify the court of a substance abuse problem that Rickert had not disclosed in his interview with the probation office.

When determining an appropriate sentence, the district court is required to consider the sentencing factors listed in 18 U.S.C. § 3553(a). *Gall*, 552 U.S. at 49-50. Whether Rickert has a history of drug abuse is relevant to the defendant's "history and characteristics," 18 U.S.C. § 3553(a)(1), and the need for a sentence "to provide the

defendant with needed . . . medical care [and] other correctional treatment." *Id.* § 3553(a)(2)(D). The district court also noted at resentencing that it often recommends participation in the Bureau of Prison's 500-hour Residential Drug Treatment Program when presented with evidence of a defendant's substance abuse problem. The Bureau of Prisons may reduce an inmate's sentence by up to twelve months for successful completion of this program. 18 U.S.C. § 3621(e)(2)(B).

The content of the forged letters could have affected both the length of Rickert's sentence and the recommended conditions of his imprisonment. Therefore, the court did not clearly err in determining that these letters were material to Rickert's sentencing.

C.

Rickert next argues that the district court erred in denying him a three-level reduction for acceptance of responsibility under USSG § 3E1.1. A defendant who obstructs justice ordinarily is not entitled to this reduction, but he may be eligible in an "extraordinary" case. *See* USSG § 3E1.1 comment. (n.4); *United States v. Smith*, 665 F.3d 951, 957 (8th Cir. 2011). The district court's determination of whether a defendant has accepted responsibility is "entitled to great deference" and will be reversed only if it is clearly erroneous. *United States v. Wallenfang*, 568 F.3d 649, 661 (8th Cir. 2009).

The district court did not clearly err in denying Rickert the reduction. In determining whether a defendant presents an extraordinary case, district courts should consider the totality of the circumstances, including the nature of the defendant's obstructive conduct and the degree of the defendant's acceptance of responsibility. *United States v. Honken*, 184 F.3d 961, 968 (8th Cir. 1999). Other relevant factors include whether the defendant "voluntarily terminated his obstructive conduct" and

whether the defendant "admitted and recanted his obstructive conduct, or whether he denied obstruction of justice at sentencing." *Id.*

The district court determined that Rickert made false representations to the court—submitting forged letters along with his sentencing memorandum—in an attempt to influence the court's sentencing decision. This sort of post-plea obstructive conduct almost certainly disqualifies a defendant from receiving an acceptance-of-responsibility adjustment. *Honken*, 184 F.3d at 970; s*ee also United States v. Brown*, 539 F.3d 835, 841 (8th Cir. 2008). On top of that, Rickert did not voluntarily terminate his obstructive conduct. The letters were withdrawn only after the probation office informed Rickert's counsel, at the August sentencing, that the letters were false. Rickert also has not shown that his cooperation constituted "more than a guilty plea," *Honken*, 184 F.3d at 970, or that his "cooperation with authorities . . . distinguish[es] his case from a run of the mill case." *Brown*, 539 F.3d at 841.

Rickert attempted to obstruct justice and did not demonstrate through acceptance of responsibility that his case was "extraordinary." The district court thus did not err in denying him a downward adjustment for acceptance of responsibility.

D.

Rickert argues finally that the district court erred by "imposing or lengthening a prison term to promote an offender's rehabilitation" in violation of 18 U.S.C. § 3582(a). *Tapia v. United States*, 131 S. Ct. 2382, 2391 (2011). We conclude that the court did not err.

While a sentencing court may not impose or lengthen a prison sentence for the purpose of rehabilitation, the court "may urge the BOP to place an offender in a prison

treatment program." *Id.* at 2392. A court also "commits no error by discussing the opportunities for rehabilitation within prison." *Id*; *see also United States v. Werlein*, 664 F.3d 1143, 1147 (8th Cir. 2011) (per curiam); *United States v. Blackmon*, 662 F.3d 981, 987 (8th Cir. 2011).

The record does not show that the district court imposed or lengthened Rickert's sentence to promote his rehabilitation. The court recommended to the Bureau of Prisons that he "continue to receive treatment for [his] mental health . . . impairments," and stated that it thought that the "Bureau of Prisons is capable of addressing Mr. Rickert's medical and mental health needs." These comments show only that the court urged the Bureau of Prisons to treat Rickert's health, and that the court believed the opportunities for rehabilitation within prison were adequate. *See Tapia*, 131 S. Ct. at 2392. We therefore conclude that the district court did not improperly increase Rickert's sentence for the purpose of promoting rehabilitation.

\* \* \*

For the foregoing reasons, the judgment of the district court is affirmed.

_____

-13-