United States Court of Appeals

For the Eighth Circuit

_____

No. 11-3536

_____

United States of America

*Plaintiff - Appellee*

v.

Kenneth Edward Godat

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Springfield

_____

Submitted: April 19, 2012
Filed: August 8, 2012

_____

Before MURPHY, MELLOY, and GRUENDER, Circuit Judges.

_____

GRUENDER, Circuit Judge.

Kenneth Edward Godat waived indictment and was charged by information with structuring financial transactions for the purpose of evading currency-transaction reporting requirements in violation of 31 U.S.C. § 5324(a)(3) and with evading taxes in violation of 26 U.S.C. § 7201. Both charges stem from Godat's having fraudulently taken money from a victim whom he convinced to invest in an entirely fictional business that he claimed to operate. Godat had the victim withdraw cash in

amounts just small enough to circumvent statutory reporting requirements, and he did not report as taxable income the money he was receiving from her and using for his own benefit.

Godat pled guilty to both charges pursuant to a negotiated plea agreement in which the Government agreed to recommend a sentence at the low end of the applicable guidelines range and to recommend that his sentences on the two counts run concurrently. The district court,[1] varying upwards from Godat's guidelines range, sentenced him to sixty months' imprisonment for his illegal structuring charge and ten months' imprisonment for his tax evasion charge and ordered that the sentences run consecutively. The district court also ordered restitution in the full amount of the underlying fraud.

Godat appeals his sentence, arguing that the district court erred in considering factual allegations in a confidential sentencing recommendation prepared by the probation office, that Federal Rule of Criminal Procedure 32(e)(3) and Western District of Missouri Local Rule 99.8(h), which allow for the confidentiality of a probation officer's sentencing recommendation, violate the Fifth and Sixth Amendments, and that the district court violated his Fifth Amendment right to remain silent when it criticized his attorney for advising him not to cooperate with the probation office in preparing his presentence investigation report.

Godat first argues that the district court violated his Fifth Amendment right to due process and his Sixth Amendment right to confrontation by considering and relying on factual allegations contained in a confidential sentencing recommendation prepared by the probation office that Godat was not allowed to see or challenge. The Due Process Clause of the Fifth Amendment is implicated when a sentencing court

---

[1] The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

considers evidence that the defendant "had no meaningful opportunity to rebut," and only then when that consideration results in "a sentence based on material misinformation." *Kohley v. United States*, 784 F.2d 332, 334 (8th Cir. 1986) (per curiam). The Confrontation Clause of the Sixth Amendment is implicated when consideration by the sentencing court of evidence that the defendant was not given an opportunity to rebut results in a defendant being "sentenced on the basis of 'misinformation of constitutional magnitude.'" *United States v. Wise*, 976 F.2d 393, 402 (8th Cir. 1992) (en banc) (quoting *United States v. Tucker*, 404 U.S. 443, 447 (1972)).

At sentencing, the district court questioned Godat about how he had disposed of the money he had fraudulently obtained, asking specifically about Godat's use of some of the money to pay child support, to buy a motorcycle, and to buy two sports cars. The district court stated that it was "curious" whether Godat could surrender such assets "to come up with any money to pay" the victim and noted that its knowledge of these items came from the confidential sentencing recommendation prepared by the probation office. The information in question was not in the presentence investigation report.

Godat's due process and confrontation arguments fail because the district court did not consider any undisclosed factual allegations in determining Godat's sentence. When challenged on the issue of reliance on the information contained in the confidential recommendation, the district court explicitly stated that it was not relying on any facts from the confidential recommendation in reaching its sentencing decision:

> No. No. I'm relying on everything I took out of this presentence investigation. I worked this morning citing every paragraph where he stole an additional $64,000. That's just in his criminal history, but it gives me a history of what he's done for the last fifteen years. And I'm saying the guidelines are inadequate to take that into consideration.

The district court further explained that its references at sentencing to information in the confidential recommendation were solely for the purpose of "looking for any way to recover any of this [money] . . . to see if there is any way at all to get any recovery for this poor woman he fleeced." The record is thus unambiguous that Godat's sentence did not result from the consideration of facts from the confidential recommendation. Even if the district court had considered these facts in determining Godat's sentence, Godat's claims still would require that the district court considered some piece of misinformation, and the allegations regarding Godat's use of the victim's funds were disclosed to him at sentencing, where he confirmed their accuracy. For these reasons, we reject Godat's Fifth and Sixth Amendment claims.

Furthermore, because the application of Federal Rule of Criminal Procedure 32(e)(3) and Western District of Missouri Local Rule 99.8(h) had no effect on Godat's sentence or substantial rights, we decline to reach his challenge to the facial constitutionality of these rules. *See* Fed. R. Crim. P. 52(a).

Godat next argues that the district court violated his Fifth Amendment right to remain silent when it criticized his attorney for advising him not to cooperate with the probation office in preparing his presentence investigation report. After the district court pronounced Godat's sentence, his counsel objected again to the district court's alleged reliance on information from the confidential sentencing recommendation. In response to that objection, the district court stated:

> [P]art of the problem there, the problem that we have getting the facts before the Court is because you and other defense attorneys advise your client not to discuss the offense, not to discuss your personal history, not to discuss your financial history, and not to discuss anything else. So you put us in a bind and now you stand up here and object that you don't have all the information.
> . . .

-4-

[P]art of representing your clients to the best of your ability is getting them the best possibility to get the correct information before the probation office, and you don't do that . . . [a]nd I question whether that's the best way to help your client . . . .

Godat argues that this statement shows that the district court held his silence against him, in violation of his Fifth Amendment rights. Because Godat raises this argument for the first time on appeal, we review solely for plain error, and we will reverse only if Godat can show that the district court committed a clear and obvious error that affected his substantial rights and seriously affected the fairness, integrity, or public reputation of the judicial process. *See United States v. Ali*, 616 F.3d 745, 751-52 (8th Cir. 2010).

Godat cannot show that his substantial rights were affected by the district court's view of his lack of cooperation. As discussed above, the district court had already announced Godat's sentence and provided in detail its reasons for the chosen sentence, not alluding in any way to Godat's lack of cooperation with the probation office's investigation. In light of this record, we see no plain error that might require reversal of Godat's sentence.

For the foregoing reasons, we affirm Godat's sentence.[2]

-----

[2]Although the Government moved to dismiss Godat's appeal on the basis of the appeal waiver in his plea agreement, we have "elect[ed] to bypass the possibility of a waiver and address the appeal on the merits." *United States v. Rickert*, --- F.3d ---, 2012 WL 2923992, at *3 n.2 (8th Cir. July 19, 2012).