# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-1054

_____

United States of America,

*Plaintiff - Appellee,*

v.

Naricco T. Scott,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: September 23, 2013
Filed: November 14, 2013
[Unpublished]

_____

Before LOKEN, COLLOTON, and BENTON, Circuit Judges.

_____

PER CURIAM.

Naricco T. Scott pleaded guilty to conspiracy to distribute five kilograms or more of cocaine and fifty kilograms or more of cocaine base. The district court[1]

_____

[1]The Honorable Fernando J. Gaitan, Jr., Chief United States District Judge for the Western District of Missouri.

sentenced Scott to the statutory-minimum term of 240 months' imprisonment. Scott argues that the district court abused its discretion by failing to hold an evidentiary hearing regarding the government's refusal to file a substantial-assistance motion that would have authorized the court to sentence below the statutory minimum. *See* 18 U.S.C. § 3553(e). Scott also contends that his statutory-minimum sentence is unconstitutional. We affirm.

A grand jury charged Scott with conspiracy to distribute cocaine and cocaine base, three substantive drug trafficking counts, and a firearms offense. Scott pleaded guilty to the conspiracy charge, pursuant to a written plea agreement. Because the government filed notice that Scott had sustained a prior conviction for a felony drug offense, the statutory-minimum penalty was 240 months' imprisonment. *See* 28 U.S.C. §§ 841(b)(1)(A), 851. Although the plea agreement did not provide for Scott's cooperation, the government allowed Scott to provide a proffer of information after he pleaded guilty and told him that if the information amounted to substantial assistance, then the government would take that circumstance into account, either at sentencing or later pursuant to Federal Rule of Criminal Procedure 35.

The government did not file a substantial-assistance motion at sentencing, and Scott objected that it was unfair that some of his co-conspirators received a substantial-assistance motion while he did not. He also claimed that, before he signed the plea agreement, his attorney had advised him "that it was the government's duty to reward defendants for their cooperation," and that Scott "had to take . . . the government's word for face value and trust that they were going to reward the defendants for their cooperation." The government responded that Scott had been one of the last co-conspirators to plead guilty and had not provided sufficiently meaningful information to warrant a substantial-assistance motion. The district court told Scott that the decision whether to file a substantial-assistance motion was "up to the government" and that the information provided by the others "apparently was more valuable than the cooperation you offered."

-2-

The court then sentenced Scott to the statutory minimum of 240 months' imprisonment, which was fifty-two months below the bottom of the advisory guidelines range. Scott appeals, arguing that the district court abused its discretion by not allowing a hearing about the government's refusal to file a substantial-assistance motion. He also contends that his statutory-minimum sentence violates his rights to due process and equal protection and constitutes cruel and unusual punishment. The parties dispute whether Scott waived his right to appeal, but any such waiver is not jurisdictional, *United States v. Rickert*, 685 F.3d 760, 764 n.2 (8th Cir. 2012), and we elect to resolve this appeal on the merits.

To obtain an evidentiary hearing about the government's refusal to file a substantial-assistance motion, a defendant must make a substantial threshold showing that the government's refusal was based on an unconstitutional motive. *Wade v. United States*, 504 U.S. 181, 185-86 (1992). To make such a showing, Scott must provide "clear evidence" of unconstitutional motive, not a "mere allegation that substantial assistance was provided and that the prosecutor had an improper motive for declining to file a motion for a downward departure." *United States v. Fields*, 512 F.3d 1009, 1011 (8th Cir. 2008). Scott failed to make the requisite showing. He contends merely that the government promised to consider the extent of his cooperation and that some of his co-conspirators who cooperated before him received substantial-assistance motions. These assertions do not support a substantial inference of unconstitutional motive, and they are thus insufficient to justify a hearing. Scott also contends that his attorney advised him that the government would reward him for his cooperation by filing a substantial-assistance motion, but counsel did not have power to bind the prosecutors, and counsel's alleged statements thus do not entitle Scott to an evidentiary hearing regarding the government's conduct.

We also reject Scott's argument that his statutory-minimum sentence is unconstitutional because it deprives him of due process, equal protection, and protection against cruel and unusual punishment. Neither the existence of a statutory-

minimum penalty nor the government's ability to grant substantial-assistance motions to some defendants but not others offends due process or equal protection. *United States v. Prior*, 107 F.3d 654, 658-59 (8th Cir. 1997). Scott's Eighth Amendment challenge is foreclosed by well-established circuit precedent concerning drug trafficking penalties. *United States v. Garcia*, 521 F.3d 898, 901 (8th Cir. 2008).

The judgment of the district court is affirmed.

_____