# United States Court of Appeals

### For the Eighth Circuit

_____

No. 18-3626

_____

United States of America

*Plaintiff - Appellee*

v.

Rubin Morrow, also known as Chubbs, also known as Cuzzo

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Arkansas - Fayetteville

_____

Submitted: November 11, 2019
Filed: February 11, 2020
[Unpublished]

_____

Before SHEPHERD, GRASZ, and KOBES, Circuit Judges.

_____

PER CURIAM.

Rubin Morrow pled guilty to one count of conspiracy to distribute a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 846. The district

court[1] sentenced Morrow to 135 months imprisonment. Morrow appeals his sentence, arguing that the district court improperly applied a two-level enhancement for possession of a firearm under USSG § 2D1.1 and a two-level enhancement for obstruction of justice under USSG § 3C1.1. Having jurisdiction under 28 U.S.C. § 1291, we affirm.

I.

From 2016 through early 2018, the Federal Bureau of Investigation conducted an investigation into a drug trafficking organization led by Derrick Nicholson and operating within and outside the Western District of Arkansas. The investigation revealed that Morrow was a major supplier of methamphetamine to Nicholson's organization. Specifically, investigators learned that Morrow would package and send methamphetamine from Inglewood, California to Nicholson and his wife in Fayetteville, Arkansas. On January 23, 2018, a grand jury charged Morrow with one count of conspiracy to distribute a mixture or substance containing a detectable amount of methamphetamine.

On January 31, 2018, investigators arrested Morrow at his Inglewood residence and then executed a search warrant for the residence. During the search, investigators located four firearms: (1) a Marlin 30-30 rifle in a gun case in Morrow's garage; (2) a Smith & Wesson Bodyguard .380 caliber handgun in an upstairs bedroom of the residence; (3) a Ruger .9 millimeter handgun in a plastic box in the front trunk of a Volkswagen Beetle parked inside Morrow's garage; and (4) a loaded Smith & Wesson .9 millimeter handgun also in the front trunk of the Volkswagen Beetle. Investigators discovered that the loaded Smith & Wesson .9 millimeter handgun had been reported stolen in Rogers, Arkansas. Further, investigators learned that the

---

[1]The Honorable Timothy L. Brooks, United States District Judge for the Western District of Arkansas.

Volkswagen Beetle was registered to Anna Jovel, Morrow's wife. Finally, in the front passenger compartment of the Volkswagen Beetle, officers found two digital scales, two glass beakers, a piece of vacuum sealing equipment, and sealing bags.

Morrow pled guilty pursuant to a plea agreement. On September 25, 2018, Morrow filed a Sentencing Memorandum asking the district court to grant a downward variance under 18 U.S.C. § 3553(a), and attached a mitigation expert's report and letters of support. Morrow's phone call records from the Washington County Sheriff's Office revealed that he had asked his wife to forge a letter of support from his former employer stating that he would have a job upon his release from the Bureau of Prisons. They also showed that Morrow had asked his ex-wife, Sabrina Coleman, to forge a letter of support from her father, Sam Coleman, stating that Morrow would be offered a job at Coleman's trucking company upon his release. The district court noted at sentencing that it had, in fact, received a letter of support from Sam Coleman that was extremely consistent with Morrow's request to Sabrina.

At sentencing, the district court applied a two-level enhancement for possession of a firearm under USSG § 2D1.1(b)(1), a two-level enhancement for obstruction of justice under USSG § 3C1.1, and a three-level downward adjustment for acceptance of responsibility under USSG § 3E1.1, resulting in a Guidelines range of 168 to 210 months imprisonment. Applying the factors under 18 U.S.C. § 3553(a), the district court varied downward and sentenced Morrow to 135 months imprisonment. Morrow appeals his sentence, arguing that the district court erred in applying the enhancements under USSG §§ 2D1.1 and 3C1.1.

II.

We review a district court's application of the Guidelines de novo and its factual findings for clear error. United States v. Savage, 414 F.3d 964, 966 (8th Cir. 2005).

A.

"Section 2D1.1(b)(1) mandates a two-level enhancement if the Government can prove by a preponderance of the evidence that the defendant possessed 'a dangerous weapon (including a firearm)' while violating 21 U.S.C. § 841(b)." Id. (quoting USSG § 2D1.1(b)(1)). "In order for the enhancement to apply, the government must establish two things: (1) the gun was possessed and (2) it was not clearly improbable that the weapon was connected to the drug offense." United States v. Young, 689 F.3d 941, 946 (8th Cir. 2012) (internal quotation marks omitted). "A district court's finding that a defendant possessed a firearm for purposes of § 2D1.1(b)(1) may be overturned only if clearly erroneous." Id.

A defendant "possessed" a firearm for purposes of the enhancement if he "exercised 'ownership, dominion, or control' either over the firearm or the premises on which it [was] found." United States v. Payne, 81 F.3d 759, 762 (8th Cir. 1996) (quoting United States v. Luster, 896 F.2d 1122, 1129 (8th Cir. 1990)). Here, the record establishes that Morrow lived at the Inglewood residence in which the four firearms were found and that he was present in the residence at the time of his arrest and immediately prior to the seizure of the firearms. These facts are sufficient to prove that Morrow exercised control over the premises in which the firearms were found, as well as the Volkswagen Beetle located in his garage. See Young, 689 F.3d at 947 (finding possession where firearm was found in defendant's apartment, even though firearm was located in another person's locked bedroom). That the Volkswagen Beetle was registered to Morrow's wife, rather than to Morrow, is of no consequence. See Payne, 81 F.3d at 762-63 (finding constructive possession where firearm was found in defendant's apartment, even though apartment was leased in another person's name). Thus, the record supports a finding that Morrow constructively possessed the firearms. See id. ("[C]onstructive possession is sufficient[.]").

The record also supports a finding that it was not clearly improbable that the firearms were connected to the drug trafficking offense. Morrow argues that the government failed to prove that the firearms were connected to the offense because the firearms were not found on his person, there is no evidence that any violence was connected to the conspiracy, and no drugs were found in proximity to the firearms. However, "the Government need not show that a defendant used or even touched a weapon to prove a connection between the weapon and the offense." Savage, 414 F.3d at 967. Moreover, the government can establish the requisite nexus between a weapon and a drug trafficking offense by "prov[ing] by a preponderance of the evidence that the weapon was found in the same location where drugs *or drug paraphernalia* were stored, or where part of the conspiracy took place." Payne, 81 F.3d at 763 (emphasis added). At sentencing, Special Agent Randy Jackson testified that, in his training and experience, the items found in the Volkswagen Beetle—digital scales, glass beakers, vacuum sealing equipment, and sealing bags—are often used in the drug trafficking trade to seal varying quantities of illegal substances.[2] Further, the record establishes that these items of drug paraphernalia were found in the front passenger compartment of the Volkswagen Beetle, in close proximity to the two firearms found in the front trunk of the vehicle. While Morrow argues that the firearms were physically separated from the drug paraphernalia, the district court did not clearly err in finding that these firearms were in close proximity to the drug paraphernalia. See United States v. Betz, 82 F.3d 205, 210-11 (8th Cir. 1996) (finding no clear error where firearms were found in a van on defendant's

_____

[2]Morrow argues that the government cannot rely on the drug paraphernalia found in the Volkswagen Beetle because reference to these seized items was stricken from the plea agreement. However, "any plea agreement entered into by the defendant and the government cannot limit the district court in examining the defendant's conduct for sentencing." United States v. Griggs, 71 F.3d 276, 281 (8th Cir. 1995). The presentence investigation report and Special Agent Jackson's testimony establish that investigators found drug paraphernalia in the Volkswagen Beetle, and the district court was permitted to consider these facts for sentencing.

property and throughout the residence, and drugs were found in a shed); United States v. Hiveley, 61 F.3d 1358, 1362-63 (8th Cir. 1995) (per curiam) (finding no clear error where firearms were found in one trailer on defendant's property, and drugs were found in a different trailer on the property). Finally, one of the firearms found in the Volkswagen Beetle—the loaded Smith & Wesson .9 millimeter handgun—had been reported stolen in Rogers, a northwest Arkansas community in the vicinity where the Nicholson drug trafficking organization operated. These facts support a finding that it was not clearly improbable that the firearms were connected to the offense. Accordingly, the district court did not clearly err in applying the two-level enhancement for possession of a firearm under USSG § 2D1.1.

B.

"We review the district court's factual findings underlying an adjustment for obstruction of justice for clear error, giving great deference to the sentencing court's determination." United States v. Brown, 539 F.3d 835, 839 (8th Cir. 2008).

Section 3C1.1 mandates a two-level enhancement if "(1) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and (2) the obstructive conduct related to (A) the defendant's offense of conviction and any relevant conduct; or (B) a closely related offense." One example of the type of conduct to which § 3C1.1 applies is "producing or attempting to produce a false, altered, or counterfeit document or record during an official investigation or judicial proceeding." USSG § 3C1.1 cmt. n.4(C).

We agree with the district court that Morrow's conduct in seeking to obtain forged letters of support from his wife and ex-wife constituted obstruction for the purposes of the enhancement. In determining an appropriate sentence, the district court is required to consider the sentencing factors listed in 18 U.S.C. § 3553(a). Gall

v. United States, 552 U.S. 38, 49-50 (2007). As the district court indicated, letters of support from a former employer and a prospective employer stating that the defendant will have job opportunities upon his release are relevant to the defendant's "history and characteristics." 18 U.S.C. § 3553(a)(1). The district court noted that, consistent with the opinion of Morrow's mitigation expert, such information is intended to convince the court to impose a lighter sentence and to let the defendant return to work in the community. The district court found that falsification of this information taints and obstructs the judicial process and impedes the due administration of justice. We agree. Morrow's attempt to provide the court with false information for the purpose of receiving a lighter sentence constitutes a proper basis for applying the enhancement in this case. See United States v. Rickert, 685 F.3d 760, 767-68 (8th Cir. 2012) (finding the district court properly applied the enhancement where the defendant submitted forged letters for the purpose of receiving a lighter sentence). Accordingly, the district court did not clearly err in applying the two-level enhancement under USSG § 3C1.1.

III.

For the foregoing reasons, we affirm.

_____